Brian GWARTZ, M.D., Appellant,

v.

**JEFFERSON MEMORIAL HOSPITAL ASSOCIATION, Appellee.**

No. 93–1978.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1993.

Decided May 10, 1994.

Lawrence J. Fleming, St. Louis, Mo., argued, for appellant.

Fred A. Ricks, Jr. St. Louis, Mo., argued, for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

MAGILL, Circuit Judge.

Dr. Brian Gwartz (Gwartz) appeals the district court's order dismissing his diversity action against Jefferson Memorial Hospital

(Jefferson) of Crystal City, Missouri, for failure to join an indispensable party. Gwartz argues that the district court erred because his professional corporation, Jefferson Anesthesia Associates (JAA), is neither a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure nor an indispensable party under Rule 19(b). Jefferson claims that JAA is an indispensable party or, in the alternative, that the district court's dismissal under Rule 19(b) of an earlier suit Gwartz had filed against Jefferson is res judicata. Because we hold that JAA is not a necessary party under Rule 19(a) and that the doctrine of res judicata does not apply here, we reverse.

## I. BACKGROUND

Gwartz is an anesthesiologist who presently resides in California. In 1985, when he lived in Missouri, he entered into an employment contract with Jefferson. Under the contract, Jefferson agreed to employ Gwartz for two years as an anesthesiologist and Medical Director of the Hospital Anesthesiology Department at an annual salary of $190,000. In turn, Gwartz agreed to work for Jefferson full-time during the term of the contract and not to become an employee of any other employer "except ... a corporation in which [Gwartz] is the owner of the majority of said corporation's capital stock." J.A. at 11.

In 1986, Gwartz incorporated JAA in Missouri. Gwartz was the sole shareholder, officer, and director of JAA. JAA was not a party to Gwartz's contract with Jefferson nor did JAA have its own contract with Jefferson. Gwartz operated a private anesthesiology practice through JAA, separate from his personal employment contract with Jefferson, to supplement his income. Surgeons hired JAA to provide anesthesia services to patients that the surgeons were treating at Jefferson. JAA employed Gwartz and other anesthesiologists to provide such services.

In 1991, Gwartz filed a diversity suit (*Gwartz I*) in district court against Jefferson and two of its employees, Bill Seek and John Schneider. The complaint contained two separate counts. Count One was a breach of contract claim against Jefferson, alleging that the hospital had unjustifiably terminated Gwartz's employment contract in 1987. Count Two was a claim for intentional interference with a business relationship. It alleged that Jefferson, Seek and Schneider had "prevented [Gwartz] and his associates from utilizing [the hospital] in that the Defendants acting in concert with each other ... [d]irected the employees of [Jefferson] and other physicians not to use the services of [Gwartz] or [JAA]." J.A. at 8. Count Two also alleged that defendants refused staff privileges to Gwartz's associates and hired temporary physicians for cases that JAA otherwise would have handled.

Jefferson, Seek and Schneider moved to dismiss *Gwartz I* for failure to join an indispensable party. The district court found that Count Two alleged a cause of action accruing to JAA, not Gwartz. Because Gwartz could not sue in his individual capacity for damages to JAA, the court concluded that JAA was a necessary party under 19(a) "in that complete relief cannot be accorded in its absence." Dist.Ct.Mem. at 2 (June 19, 1991).

Next, the district court found that JAA's joinder was not feasible because its presence would destroy diversity. Accordingly, the court considered whether Gwartz's action should be dismissed under Rule 19(b). After considering Rule 19(b)'s four-factor test, the court found that JAA was an indispensable party and dismissed *Gwartz I* without prejudice. We dismissed Gwartz's appeal from this order. *See Gwartz v. Jefferson Memorial Hosp.*, No. 91–2673 (8th Cir. Oct. 18, 1991).[1]

In 1992, Gwartz brought the instant diversity suit (*Gwartz II*) in district court against Jefferson. The complaint again alleges that Jefferson breached Gwartz's employment contract in 1987. It also claims that Jefferson, "by and through its employees retaliated against [Gwartz], interfered with [Gwartz's]

---

1. Jefferson moved to dismiss the appeal for failure to prosecute. The order dismissing the appeal, however, stated that dismissal was based on Rule 42(b) of the Federal Rules of Appellate Procedure, which governs voluntary dismissals.

ability to minimize his damages by reason of the breach of his contract with the hospital and interfered with [Gwartz's] ability to perform services for [JAA] and, thereby interfered with this employment relationship with [JAA]." J.A. at 76–77. The acts giving rise to these latter claims were the same ones that the complaint in *Gwartz I* alleged gave rise to Count Two, including the allegation that Jefferson directed its employees and other physicians "not to use the services of [Gwartz] or [JAA]." *Id.* at 77.

Jefferson again moved to dismiss for failure to join an indispensable party. Gwartz argued that JAA was not a necessary party because his only claim in *Gwartz II* was for breach of his employment contract. The district court found, however, that Gwartz's complaint "still asserts that Jefferson ... interfered with his employment relationship with JAA.... Gwartz has merely reasserted his previous two-count complaint in this one-count action." Dist.Ct.Mem. at 3 (Feb. 23, 1993). Accordingly, the court dismissed *Gwartz II.* Gwartz timely appeals, claiming that the district court erred in concluding that JAA was a necessary party under Rule 19(a) and an indispensable party under Rule 19(b).

## II. DISCUSSION

### A. Rule 19(a)

■ Rule 19 governs when joinder of a particular person is compulsory. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 404 (3d Cir.1993). "A court must first determine whether a [person] should be joined if 'feasible' under Rule 19(a)," *id.,* i.e., whether a person is "necessary." If the person is not necessary, then the case must go forward without him and there is no need to make a Rule 19(b) inquiry. We review de novo any conclusions of law informing the district court's Rule 19(a) determination. *Id.*

Under Rule 19(a), a person "shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1). Subsection "(a)(1) requires joinder only when the absence of the unjoined party prevents complete relief among the current parties.... The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *LLC Corp. v. Pension Benefit Guar. Corp.,* 703 F.2d 301, 305 (8th Cir.1983). Here, the current parties are Gwartz and Jefferson. Gwartz's complaint alleges that Jefferson breached his personal employment contract. JAA's presence is not necessary to resolution of Gwartz's breach of contract claim; JAA was not a party to the contract nor does Jefferson claim that JAA had any interest in it.

The complaint in *Gwartz II* also alleges that Jefferson, "by and through its employees retaliated against [Gwartz], interfered with [Gwartz's] ability to minimize his damages by reason of the breach of his contract with the hospital and interfered with [Gwartz's] ability to perform services for [JAA] and, thereby interfered with this employment relationship with [JAA]." J.A. at 76–77. Thus, Gwartz claims that Jefferson prevented him from mitigating his damages after the alleged breach and that it interfered with his employment relationship with JAA. The district court dismissed because it found that Gwartz's complaint "still asserts that Jefferson ... interfered with his employment relationship with JAA.... Gwartz has merely reasserted his previous two-count complaint in this one-count action." Dist.Ct. Mem. at 3 (Feb. 23, 1993). We review the district court's findings construing the complaint de novo. *Cf. Hilton v. Pine Bluff Pub. Sch.,* 796 F.2d 230, 231 (8th Cir.1986) (explaining that court reviews de novo whether a complaint states a cause of action).

We do not believe that Gwartz has reasserted his two-count complaint from *Gwartz I* here. Count Two of the complaint in *Gwartz I* asserted that Jefferson prevented "Plaintiff and his associates," i.e., that Jefferson prevented *JAA,* "from utilizing Jefferson Memorial Hospital" because Jefferson and its employees, among other allegations, directed its employees and other physicians not to use the services of JAA. J.A. at 8. As the district court found, only JAA has standing to bring a claim that Jefferson prevented it from utilizing the hospital.

In contrast, the complaint in *Gwartz II* asserts claims that Gwartz himself has standing to bring. The complaint alleges that Jefferson retaliated against Gwartz, prevented Gwartz from mitigating his damages after Jefferson's alleged breach of his employment contract, and interfered with Gwartz's relationship with JAA. Thus, on its face, the complaint here attempts to bring claims that accrue to Gwartz personally. The confusion stems from the factual allegations underlying these claims. The facts that Gwartz alleges support these claims—such as Jefferson directing its employees and other doctors not to use the services of Gwartz or JAA—are the same facts that the complaint in *Gwartz I* alleged supported *JAA's* claim.

Whether the asserted facts support claims other than the ones before the court or whether the complaint here adequately states Gwartz's personal claims, however, are not the issues under Rule 19(a)(1). For instance, there may be doubt that Gwartz has a personal claim that Jefferson interfered with his relationship with JAA because the notion that anyone could induce a corporation to breach its relationship with an employee who is the sole shareholder, officer, and director of the corporation is tenuous at best. If this is the case, then Jefferson could move for the claim's dismissal. Similarly, it is unclear whether a cause of action for "retaliation" even exists in Missouri and, if it does, whether Gwartz has stated such a claim. The proper vehicle for resolving such issues may be a Rule 12(b)(6) motion. All that is at issue here is whether complete relief can be accorded among Gwartz and Jefferson on Gwartz's personal claims in the absence of JAA, whichever of those claims prove to be viable and go to trial. Jefferson has offered no reason why JAA is necessary for complete resolution of any of Gwartz's *personal* claims that may go to trial. Rather, it appears to rely on the argument that the factual allegations of the complaint in *Gwartz II* only create a cause of action accruing to JAA. If this is so, then it may simply move to dismiss any personal claims that Gwartz has asserted based on those facts.

Gwartz's complaint does allege that "as a consequence of [Jefferson's] breach of [Gwartz's] contract and the retaliatory actions taken thereafter, [Gwartz's] private practice failed." J.A. at 77–78. Jefferson argues that this allegation shows that Gwartz is attempting to recover damages that belong to JAA. We agree with Jefferson that, to the extent he is attempting to do so, Gwartz has no standing under Missouri law to recover damages that JAA suffered. *See Around the World Importing, Inc. v. Mercantile Trust Co.*, 795 S.W.2d 85, 91 (Mo.Ct.App. 1990). It is for precisely this reason, however, that JAA is not a necessary party under Rule 19(a)(1): because he may not recover JAA's damages under *Around the World Importing*, Gwartz should be limited at trial to seeking recovery for his *personal* damages, assuming Jefferson properly raises the standing issue. JAA's absence is thus irrelevant to whether Gwartz's personal claims against Jefferson and the amount of damages to which he is personally entitled can be fully resolved. Thus, JAA is a not necessary party under Rule 19(a)(1).

Under Rule 19(a)(2), a person is necessary if he claims an interest relating to the subject of the action and is so situated that disposition in his absence could (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the current parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed.R.Civ.P. 19(a)(2)(i), (ii). JAA is not a necessary party under subsection (a)(2)(i). We will assume that JAA has an interest relating to the subject of the action to the extent the facts that Gwartz alleges support his claims in *Gwartz II* are the same facts that the complaint in *Gwartz I* alleged supported JAA's claim. *See Aguilar v. Los Angeles County*, 751 F.2d 1089, 1093 (9th Cir.) (holding that "'interest' under Rule 19 should be determined from a practical ... perspective"), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). Disposition of Gwartz's claims in the absence of JAA, however, will not as a practical matter impair or impede JAA's ability to protect its interest because Gwartz has the same interest in establishing the facts that JAA does. *See Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir.1984) (holding that

Health & Human Services (HHS) was not a necessary party under subsection (a)(2)(i) because United States Attorney was representing defendant and "making every argument that HHS would or could make").

Nor will JAA's absence leave Jefferson subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. See Fed.R.Civ.P. 19(a)(2)(ii). Jefferson's own argument supports such a holding. Jefferson asserts that "Gwartz has no standing to sue individually to recover damages . . . suffered by [JAA]." Appellee's Br. at 12. As explained above, to the extent Gwartz's suit seeks damages that JAA suffered, Jefferson may move under *Around the World Importing* to limit recoverable damages at trial to those that Gwartz suffered personally. Thus, under Jefferson's argument, there is not a "substantial risk" that Jefferson will incur any obligations to JAA as a result of the instant suit. It might face a suit by JAA sometime in the future, but it is unlikely that JAA's absence here will result in Jefferson paying damages more than once to JAA or Gwartz. See *Sindia Expedition, Inc. v. The Wrecked & Abandoned Vessel*, 895 F.2d 116, 123 (3d Cir.1990). Because we find that JAA is not a necessary party under Rule 19(a), we need not address whether it is an indispensable party under Rule 19(b). Thus, we hold that the district court erred in dismissing Gwartz's suit under Rule 19.

## B. Res Judicata

■ Jefferson claims that even if the district court erred in finding JAA an indispensable party, the doctrine of res judicata bars Gwartz from relitigating the Rule 19 issues. Although Jefferson cites no cases on point, and we have found none, we will assume for purposes of argument that res judicata applies to a court's indispensability determination under Rule 19. *Cf. Magnus Elec., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir.1987) (applying res judicata to relitigation of issue of subject matter jurisdiction and explaining that " 'the underlying policy of res judicata is not restricted to a valid judgment that deals solely with the merits' " (quoting 1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.405[5], at 223

(2d ed. 1984) (footnote omitted))). "[I]ssue preclusion should defeat any effort to relitigate the same joinder issue in a second action." 18 Charles A. Wright et al., *Federal Practice and Procedure* § 4438, at 352 (1981). Thus, the issue here is whether *Gwartz II* involves the same joinder issue under Rule 19 as *Gwartz I* did.

Besides the breach of contract claim, the complaint in *Gwartz I* alleged that Jefferson "intentionally interfered with and prevented [Gwartz] and his associates from utilizing [Jefferson]." J.A. at 8. The district court found that this claim "is one which belongs to [JAA]." Dist.Ct.Mem. at 2 (June 19, 1991). Thus, the joinder issue in *Gwartz I* was whether Rule 19 required the district court to dismiss a complaint containing both Gwartz's own claim against Jefferson and JAA's claim against Jefferson.

Here, in conjunction with the breach of contract claim, the complaint alleges that Jefferson "retaliated against [Gwartz], interfered with [Gwartz's] ability to minimize his damages by reason of the breach of his contract with the hospital and interfered with his ability to perform services for [JAA] and, thereby interfered with this employment relationship with [JAA]." J.A. at 76–77. It is true that the same facts that supported JAA's claim in *Gwartz I* support these claims. But that the facts asserted support a claim that was not brought is immaterial. Gwartz has attempted to bring personal claims relating to Jefferson's alleged interference with the relationship between Gwartz and JAA whereas *Gwartz I* involved JAA's claim that Jefferson prevented it from utilizing the hospital. It may be that his allegations do not state a personal claim that Jefferson interfered with his relationship with JAA. If this is the case, then the trial court may dismiss this claim before trial. Similarly, if Jefferson does not raise the defense of failure to mitigate, then his claim that it prevented him from mitigating will not be relevant. The fact remains, however, that the complaint only raises claims that are personal to Gwartz. For this reason, *Gwartz II* does not involve the same joinder issue that *Gwartz I* did.

Jefferson argues that the Rule 19 issues are the same because the complaint seeks damages for the failure of Gwartz's private practice, i.e., it seeks to recover JAA's damages. This makes it a closer question, but does not change the fact that the portion of the complaint setting out the claims alleges that Jefferson retaliated against Gwartz, interfered with his relationship with JAA, and prevented him from mitigating his damages; the legal theory of the complaint is not, as it was in *Gwartz I*, that Jefferson interfered with JAA's ability to utilize the hospital. We will not recharacterize the legal theory of *Gwartz II* in order to dismiss the case. *Cf. Thomas W. Garland v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.) (explaining that court is under a duty to reject plaintiff's legal theory of case and recharacterize it in light of factual allegations in order to save complaint from a motion to dismiss under Rule 12(b)(6)), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). Thus, we hold that the doctrine of res judicata does not apply here.

## III. CONCLUSION

We reverse the district court's order dismissing Gwartz's suit for failure to join an indispensable party and remand for further proceedings.