**IRON WORKERS LOCAL UNION NO. 17 INSURANCE FUND AND ITS TRUSTEES, et al., Plaintiffs,**

v.

**PHILIP MORRIS INCORPORATED, et al., Defendants.**

No. 1:97–CV–1422.

United States District Court, N.D. Ohio, Eastern Division.

Sept. 23, 1998.

As Amended Sept. 29, 1998.

Eben O. McNair, Timothy Joseph Gallagher, Schwarzwald & Rock, Jack Landskroner, Landskroner Law Firm, Cleveland, OH, John M. Broaddus, Robert J. Connerton, Connerton, Ray & Simon, Washington, DC, Michael C. Spencer, Milberg, Weiss, Bershad, Hynes & Lerach, New York City, Patrick J. Coughlin, Frank J. Janecek, Jr., Scott H. Saham, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Lembhard G. Howell, Richard G. Piccioni, C. Cleveland Stockmeyer, Michael E. Withey, Paul L. Stritmatter, Philip G. Arnold, Kevin Coluccio, Keith L. Kessler, J. Murray Kleist, Stritmatter, Kessler, Whelan & Withey, George Kargianis, Kargianis, Watkins, Marler, Seattle, WA, Roger M. Adelman, Washington, DC, G. Robert Blakey, Notre Dame Law School, Notre Dame, IN, Einer R. Elhauge, Harvard Law School, Cambridge, MA, for plaintiffs.

Lawrence R. Desideri, Thomas J. Frederick, Dan K. Webb, Kevin J. Narko, Bradley E. Lerman, Winston & Strawn, Chicago, IL, Hugh E. McKay, Robert D. Anderle, Porter, Wright, Morris & Arthur, Roger Allen Hipp, Jones, Day, Reavis & Pogue, Cleveland, OH, Matthew A. Kairis, Jeffrey J. Jones, Melanie S. Fahey, Jones, Day, Reavis & Pogue, Columbus, OH, Daniel F. Kolb, Davis, Polk & Wardwell, New York City, Phillip J. Campanella, Calfee, Halter & Griswold, Cleveland, OH, Kenneth N. Bass, Paul Taylor, Kirkland & Ellis, Washington, DC, John Winship Read, Amanda Martinsek, Vorys, Sater, Seymour & Pease, Cleveland, OH, Percy Squire, Thomas D. Lambros, Lloyd Pierre–Louis, Bricker & Eckler, Columbus, OH, Mark G. Cunha, Patrick D. Bonner, Jr., Randall Rainer, Simpson, Thacher & Bartlett, New York City, Craig E. Gustafson, William J. Crampton, Bruce R. Tepekian, Shook, Hardy & Bacon, Kansas City, MO, Samuel R. Martillotta, Mansour, Gavin, Gerlack & Manos, Patrick M. McLaughlin, John F. McCaffrey, McLaughlin & Caffrey, Thomas P. Meaney, Jr., Kenneth J. Walsh, Tyler Lee Mathews, McDonald, Hopkins, Burke & Haber, Cleveland, OH, Marc E. Kasowitz, Michael M. Fay, Julie R. Fischer, Marie V. Santocroce, Kasowitz, Benson, Torres & Friedman, New York City, Steven D. Bell, Ulmer & Berne, David J. Hooker, Thomas J. Collin, Robert Francis Ware, Jr., Thompson, Hine & Flory, Cleveland, OH, Steven Klugman, Harry Zirlin, Anne E. Cohen, Debevoise & Plimpton, New York City, Charna E. Sherman, David J. Michalski, James M. Drozdowski, Kathleen Balthrop Havener, Hahn, Loeser & Parks, Susan V. Belanger, Arter & Hadden, Cleveland, OH, John P. Gartland, Arter & Hadden, Columbus, OH, Michael C. Lasky, Davis & Gilbert, New York City, Hill & Knowlton, Inc., Timothy D. Johnson, Forrest A. Norman, III, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for defendants.

## ORDER

GWIN, District Judge.

On January 8, 1998, the defendants filed a motion to dismiss this cause for plaintiffs' failure to join necessary parties pursuant to Fed.R.Civ.P. 12(b)(7) and Rule 19 [Doc. 28].[1] In this motion, defendants argue that plaintiffs must join others who may have claim against defendants. Defendants suggest

---

1. On January 8, 1998, the defendants also filed a motion to dismiss this cause pursuant to Fed. R.Civ.P. 12(b)(6). On September 10, 1998, this Court entered its memorandum opinion and order granting defendants' 12(b)(6) motion on plaintiffs' claims for breach of voluntary duty (Counts VI and VII). The Court denied defendants' motion as to plaintiffs' remaining claims. See Opinion and Order [Doc. 234].

these necessary parties include individual trust fund participants, employers, and insurers. Defendants suggest that fund participants, employers, and insurers must be joined in this action to avoid the "specter of multiple liability and inconsistent rulings" and to avoid "improper claims splitting."

In opposing this motion for joinder or dismissal, Plaintiff Funds say this case is not an action for subrogation nor is it a case involving "person injury" that might be brought by individual smokers or fund participants. Rather, plaintiffs maintain this litigation is limited to recovering economic losses sustained by plaintiff union trust funds and other similar trusts, allegedly caused by defendants' improper avoidance and shifting of health care costs onto the Funds. The plaintiffs contend that defendants' alleged cost shifting has diminished trust fund assets otherwise available for the use and benefit of the Funds.

In ruling on the instant motion, the Court considers whether individual fund participants, employers, and insurers are necessary or indispensable parties to this suit. In doing so, the Court first considers the requirements of Fed.R.Civ.P. 19(a). The Court decides whether individual fund participants, employers, and insurers are "necessary" parties under the facts of this case. If the Court finds that the parties sought to be joined are necessary to this action, the Court then considers related issues of personal jurisdiction and indispensability as required under Rule 19(b).

For the reasons that follow, the Court finds that individual participants, employers, and insurers are not necessary parties under

Rule 19(a). Accordingly, the Court denies the defendants' motion to dismiss this cause for failure to join necessary or indispensable parties.

## I. Procedural history of case

Plaintiffs are certain trusts organized to provide health-related benefits to workers and their families.[2] The plaintiffs are non-profit, union-sponsored tax-exempt trusts organized under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. The trusts provide medical or hospital care benefits to participants and their beneficiaries as an employee retirement income security program.

On May 20, 1997, Plaintiff Funds brought this action against tobacco-related entities.[3] Plaintiffs allege that, since about 1953, the defendants have shifted the large health care costs of smoking onto plaintiffs, proposed class members, and other health care payers. Plaintiffs say defendants expected, foresaw, and planned this shift of expenses. Plaintiffs allege that as the direct result of the defendants' wrongdoing, plaintiffs and other similar trust funds had to make substantial expenditures to pay for treatment of smoking-related illnesses and addiction.

In Counts I, II, and III of the Amended Complaint, plaintiffs make claim under the Organized Crime Control Act of 1979, also known as RICO. 18 U.S.C. § 1961, et seq. In Counts XIV, XV, and XVI, plaintiffs make claim under the Ohio equivalent of RICO, the Ohio Pattern of Corrupt Activity Act ("Ohio Corrupt Activities Act"), Ohio Rev.Code §§ 2923.31, et seq. In Counts IV and X, the plaintiffs make two antitrust claims.[4] In

**2.** Plaintiffs are Iron Workers Local Union No. 17 Insurance Fund, IBEW Local No. 38 Health & Welfare Fund, Ohio Laborers' District Council–Ohio Contractors' Association Insurance Fund, Dealers Unions Insurance Fund, Local 47 Welfare Fund No. 1, Toledo Electrical Welfare Fund and their trustees.

**3.** Defendants are Philip Morris, Incorporated; RJR Nabisco, Inc.; RJR Nabisco Holdings Corp.; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; Lorillard Tobacco Company; American Tobacco Company; Liggett Group, Inc.; United States Tobacco Sales and Marketing Company, Inc.; The Council for Tobacco Research U.S.A., Inc.; The Tobacco Institute, Incorporated; Hill & Knowlton, Incorporated; and British American Tobacco Co. Limited ("BATCo.").

On September 8, 1998, plaintiffs voluntarily dismissed their claims against Defendant The Smokeless Tobacco Council, Inc. [Doc. 237]. Further, by order entered September 14, 1998, this Court dismissed Defendant B.A.T. Industries, PLC as a defendant in this case [Doc. 238].

**4.** Plaintiffs' antitrust claims include one federal claim for violations of The Sherman and Clayton Acts, 15 U.S.C. § 1, et seq., and one state law claim for violations of The Valentine Act, Ohio Rev.Code. § 1331.01, et seq.

Count XI of the Amended Complaint, plaintiffs make a claim for civil conspiracy.

In a recent Memorandum Opinion and Order entered September 14, 1998, this Court denied motions by Defendants The Tobacco Council, RJR Nabisco Holdings, and RJR Nabisco Inc., to dismiss this cause pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.[5] Also, in a Memorandum Opinion and Order entered September 10, 1998, this Court denied motions by several defendants to dismiss this cause pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state claims upon which relief could be granted. In ruling on those motions, the Court dismissed the plaintiffs' state law claims for intentional and negligent breach of a special duty (Counts VI and VII). Plaintiffs other claims remain for adjudication.[6]

## II. Standard of Review

■ Fed.R.Civ.P. 12(b)(7) provides that a complaint may be dismissed for "failure to join a party under Rule 19." Questions concerning joinder of indispensable parties require courts to consider the policy considerations underlying the established federal rules. *Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 478 (6th Cir.1972). Resolving the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process. *Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America*, 822 F.2d 613, 618 (6th Cir.1987), *cert. denied*, 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988). *See also Keweenaw Bay Indian Community v. State of Michigan*, 11 F.3d

1341, 1345 (6th Cir.1993). This analysis begins by determining whether a person is necessary to the action and should be joined if possible.

To decide whether a party is "necessary," courts need to review Fed.R.Civ.P. 19(a). Rule 19(a) governs joinder of persons needed for just adjudication. It says:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

If the person or entity sought to be joined does not fall within one of the above provisions, joinder is not "necessary" and the court's analysis need go no further. However, "if the court finds that one of the criteria is satisfied, the person is one to be joined if feasible" and the court must then consider issues of personal jurisdiction and indispensability under Rule 19(b). *Local 670*, 822 F.2d at 618.[7]

---

**5.** In that same Opinion and Order, the Court granted the motion to dismiss by Defendant B.A.T. Industries, PLC, as the Court found it lacked personal jurisdiction over this foreign corporation.

**6.** On September 8, 1998, Plaintiffs dismissed without prejudice claims for fraud (Count V), for unjust enrichment (Count IX), and for violation of the Deceptive Trade Practices Act (Count XII). Plaintiffs earlier withdrew claims for breach of warranty (Count VIII), for violation of ERISA (Count XIII), for strict product liability (Count XVII), and for negligence (Count XVIII). Therefore, Counts V, VIII, IX, XII, XIII, XVII, and XVIII of the Amended Complaint are dismissed.

**7.** If personal jurisdiction is present, the party shall be joined. However, if personal jurisdiction is not present or if venue for the persons or entities to be joined is improper, the party cannot properly be brought before the court. *Keweenaw*, 11 F.3d at 1345–1346. *See also Bank One Texas, NA v. A.J. Warehouse, Inc.* 968 F.2d 94, 100 (1st Cir.1992) (stating that if an absent party is not necessary under 19(a), they cannot be indispensable under 19(b), and Rule 12(b)(7) motion must fail); *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990) (stating Rule 19(a) provides the "threshold" analysis to indispensability); *McLaughlin v. International Ass'n of Machinists and Aerospace Workers, AFL–CIO, Local 751–A and 751–C*, 847 F.2d 620, 621 (9th Cir.1988) (stating that only if a party is necessary under Rule 19(a) does court proceed to next step

Should the Court need to consider related issues of personal jurisdiction and venue under Rule 19(b), it will also be necessary to decide whether the case may proceed without the absent party or whether that party is so "indispensable" such to require the case to be dismissed.

To determine whether a party is "indispensable," courts consider the four factors set forth in Rule 19(b). The four factors are: (1) to what extent a judgment rendered in the person's absence might be prejudicial to [the person] or to those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b). In making this review, courts are not to evaluate the factors above in a "rigid manner" but should instead be governed by the practicalities of the individual case. *Keweenaw,* 11 F.3d at 1346; *Local 670,* 822 F.2d at 618 (citations omitted).

Applying the standards above, the Court first turns to whether the parties sought to be joined in the instant case are "necessary" to this litigation.

### III. Discussion

In this case, the defendants argue that fund participants, employers, and insurers are necessary parties under Fed.R.Civ.P. 19(a). In making this argument, defendants generally say that joinder is required because Rule 19(a)(2) mandates joinder of all parties who claim an "interest relating to the subject of the action" and whose absence would "impair or impede the person's ability to protect that interest," or would expose persons already parties to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(i) and (ii). Defendants say that not joining the individual participants, employers, and insurers to this action would potentially give these

absent persons opportunity to file similar claims against the defendants to recover other independent tobacco-related illness costs. Defendants say this could subject them to multiple or potentially inconsistent obligations.

In addition to their claim of "incurring double, multiple, or otherwise inconsistent obligations" as a result of subsequent lawsuits on the same alleged injuries by absent parties, the defendants also argue that failing to join the participants, employers and insurers would "create a specter of splitting claims." Here, the defendants suggest that the individual participant's potential claims for personal injury against these defendants could be split into three parts. These "split claims" would include: (1) claims for that portion of the participants' damages paid by the Fund, (2) claims for those portions of the participants' damages paid by insurers or employers, and (3) claims for that portion of the participants' damages not paid by either an insurer, employer, or a Fund. The defendants contend the Plaintiff Funds should not be permitted to sue for damages applicable only to a portion of an individual participant's alleged causes of action.[8]

The Court first considers whether individual Fund participants are to be joined, then considers whether insurers or employers are to be joined. The Court then considers defendants' arguments regarding claims splitting. After making this review, the Court finds that neither the participants, insurers, or employers are so necessary or indispensable to this litigation such to warrant dismissal of this case.

#### A. Necessary parties under Rule 19(a)(1)

▪ Under Rule 19, a party is "necessary to the action ... only on that party having a claim to an interest ... Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of the party." *Keweenaw,* 11 F.3d at 1347. A party's interest in an action need

in 12(b)(7) analysis considering question of indispensability under 19(b)).

**8.** *See* Defendants' Memorandum at 9 [Doc. 28].

not be a "legal interest," but rather need only be a "claim to an interest" that is "sufficiently 'related to' the subject of the action . . . ." *Local 670*, 822 F.2d at 620.

■ Under Rule 19(a), a court must first consider whether, in the absence of the party sought to be joined, complete relief cannot be accorded among those already parties to the case. Fed.R.Civ.P. 19(a)(1). Rule 19(a)(1) "commands that a party be joined if in his absence complete relief cannot be accorded among those already parties." *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir.1989). In deciding this factor, courts should focus " 'on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.' " *Id.* (quoting *LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir.1983)).[9] The requirement under Rule 19(a)(1) that complete relief be available does not mean that "every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright*, 904 F.2d 1208, 1212 n. 3 (8th Cir.1990) (citing 3A J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice P 19.07–1[1] (2d ed.1989)), *cert. denied*, 498 U.S. 1032, 111 S.Ct. 692, 112 L.Ed.2d 682 (1991).

In the instant case, the relief sought by Plaintiff Funds is to recover economic losses incurred as a result of the defendants' alleged wrongful conduct. Because the plaintiffs classify their damages as economic loss resulting from the "improper diminishment and expenditure of the Funds' assets," plaintiffs contend the relief they seek is unique to the institutional interests of the Funds and not the type of relief otherwise recoverable by Fund participants, employers, or insurers. The Court agrees.

First, the record is clear that the Plaintiff Funds seek specific relief for the economic losses the Funds allegedly incurred as a re-

sult of having to pay health care costs for tobacco-related illnesses. The plaintiffs' claims are not for personal injury nor are they subrogation claims.

Second, the Plaintiff Funds' claims are not dependant upon whether Fund participants are or were smokers. This is not a "smoker-personal injury case." Although some Fund participants may be smokers, and although some of these participants may have independent personal injury claims against the defendants, the Funds' claims do not incorporate elements of potential individual participant claims.

Third, the Plaintiff Funds sue the defendants "directly" and not on behalf of individual participants, employers, or insurers. To this extent, the Plaintiff Funds do not make subrogation or indemnity claims. Rather, the Funds base their claims for relief on independent, economic losses. These claims seek to recover "institutional" losses that were suffered or realized only by the Funds. Individual participants, employers, or insurers would not be able to recover damages allegedly suffered by the Funds.[10]

Considering these factors, the Court finds that resolution of the plaintiffs' claims against the defendants in this case would, if the Funds were to prevail, give the plaintiffs the relief they seek. Because the Plaintiff Funds do not seek to recover damages for or on behalf of individual participants, employers, or insurers, this Court's decision not to join the absent parties would not impair the plaintiffs' ability to obtain "meaningful relief." Accordingly, the Court concludes that under Rule 19(a)(1), complete relief can be accorded among those already parties to this action. Fed.R.Civ.P. 19(a)(1).

Having decided this, the Court turns to the defendants' arguments for joinder under Rule 19(a)(2).

---

**9.** *See also Gwartz v. Jefferson Mem. Hosp. Ass'n,* 23 F.3d 1426, 1428 (8th Cir.1994) (finding that a professional corporation was not a necessary person to a lawsuit brought by a physician against a hospital claiming that the hospital had retaliated against the physician).

**10.** *See Arizona Laborers, Teamsters and Cement Masons, Local 395 v. Conquer Cartage Co.,* 753

F.2d 1512, 1521 (9th Cir.1985) (stating that it has long been recognized that beneficiaries of a trust need not be joined as necessary parties under Rule 19); *LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir.1983) (stating that the provisions of Rule 19(a)(2) do not require the joinder of plan participants).

### B. Necessary parties under Rule 19(a)(2)

■ Rule 19(a)(2) requires that a person be joined as a party in an action if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence" may prejudice his rights or those of the persons already parties. Fed.R.Civ.P. 19(a)(2)(i) and (ii). By its terms, Rule 19(a)(2)(i) is limited to an absent person "who claims an interest" relating to the subject of the action. Courts have generally construed "claims an interest" to mean "having an interest" in the case. Because an absent party will not have stated an interest in the case, this language infers that the absent party's interest will be "potential claims" that such a party might later bring.

In this case, the defendants first argue under Rule 19(a)(2) that individual Fund participants, employers, or insurers must be joined to avoid putting the defendants at risk of "double, multiple, or otherwise inconsistent obligations." Here, the defendants argue that if this Court allows these plaintiffs to bring a "direct action" against the defendants to recover health care costs, that others with similar claims will follow suit. Defendants argue the possibility of future litigation brought against them by these absent parties is sufficient to require joinder. The Court disagrees.

The Court finds defendants' argument regarding the risk of facing future lawsuits to be speculative. First, the defendants give no compelling evidence showing that any of the absent parties either intend to file such suits or have at all an interest in pursuing similar claims against the defendants. Second, even if such a showing were made, the defendants would need to establish that any future suits by participants, employers, or insurers, were brought to recover the same damages that the Plaintiff Funds presently seek. As discussed, the damages at issue here are unique to the Funds. The present lawsuit does not seek to recover for or on behalf of participants, employers, or insurers.

The defendants also argue that not joining the parties sought to be joined will require them to defend against duplicative suits or potentially face "multiple or inconsistent obligations" from individual Fund participants, employers, or insurers. Again, the Court disagrees.

#### 1. Individual Fund Participants

The defendants first argue that failing to join individual Fund participants would subject the defendants to multiple suits or double recovery for the same injury.

In making this argument, defendants construe Plaintiff Funds' claims as being analogous to other tobacco-related lawsuits that involve either personal injury or subrogation claims.[11] However, these are not the type of claims brought by Plaintiff Funds in this case. As discussed, the Funds do not seek damages for tobacco-related personal injuries suffered by individual participants, nor do the Funds assert claims for subrogation. Rather, the Funds assert claims for damages directly related to a depletion of trust funds assets as a result of the defendants' alleged wrongful conduct. Plaintiff Funds allege the defendants purposefully shifted the expenses and costs for health care to avoid having to absorb these expenditures themselves.

In this Court's Memorandum Opinion and Order addressing the motions by certain defendants to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(6), this Court found the Plaintiff Funds had standing to bring suit for violations of federal and state RICO and antitrust laws. In deciding this, the Court concluded that the plaintiffs here made "sufficient allegations to support a finding of "proximate causation" for alleged RICO and antitrust injuries." Order at 38. As related, this Court also addressed the likelihood of whether the defendants would be subject to

---

11. In their briefs, defendants reference certain other tobacco cases currently pending in this district. These include two cases presently before Judge Dowd, *Jones v. American Tobacco Co.*, 17 F.Supp.2d 706 (N.D.Ohio) and *Williams v. R.J. Reynolds Tobacco Co.*, 964 F.Supp. 257 (N.D.Ohio), and a case presently before Judge Gaughan, *Chamberlain v. American Tobacco Co.*, No. 1:96–CV–2005 (N.D.Ohio). Because these cases are personal injury suits initiated by individual smokers, the Court finds the character of these suits different from the present action. In these cases, the nature of the relief sought (damages for personal injury) distinguishes these cases from the relief sought by the Plaintiff Funds.

"duplicative claims" made by fund beneficiaries. This Court found there was "little potential for duplicative recovery or apportionment of damage." Order at 20 and 38. In this Court's September 10, 1998 Memorandum Opinion and Order, the Court states:

> Defendants suggest that they would be exposed to double recovery should this Court permit plaintiffs to bring this action. Specifically, defendants say that both Fund beneficiaries and the plaintiffs would seek, and might recover, for the same damages.

> The Court finds little potential for double recovery. First, an injured smoker beneficiary could not recover under antitrust or RICO for the medical costs paid by any of the plaintiffs' trust funds. Both antitrust law and RICO require a showing of injury to a plaintiff's business or property. Medical expenses paid on the behalf an injured smoking beneficiary could not make up a monetary loss or other injury to a smoker's "business or property."

Opinion at 20–21 (citations and footnotes omitted).[12]

After reviewing the defendants' arguments for joining individual participants under Rule 19(a)(2), the Court concludes that individual participants are not parties with a "interest relating to the subject" of this action, that being the depletion of Fund assets. The Court also finds insufficient evidence showing that such individual participants are "so situated that the disposition" of this action in their absence will either (i) impair or impede their ability to protect any such interest, or (ii) subject any parties already in the action to "double, multiple, or otherwise inconsistent obligations."

Having decided this, the Court reviews the defendants' argument for joining employers and insurers.

### 2. Employers and Insurers

■ The defendants also argue that employers and insurers must be joined. In making this argument, the defendants suggest that failing to join such parties would require them to defend similar "direct action" suits brought by either employers seeking to recover their contributions to the trust funds or by insurers seeking to recover premiums or benefits paid to Fund participants.

After reviewing these arguments, the Court finds that the defendants misconstrue the specific nature of Plaintiff Funds claims and the relationship or interest, if any, employers or insurers have with the subject of Plaintiff Funds action against the defendants. First, the Funds' relationship with employer contributors is limited to contractual arrangements wherein the Funds and employers negotiate, either directly or through union contacts, participant benefits to be available to individual employees or participants. These arrangements are governed by ERISA.

By law, assets of employee benefit plans are held in trust and employers are not obligated on the benefits provided by the Funds.[13] Rather, employers participating in such arrangements are only required, by contract, to pay the negotiated contribution or term. *See Diduck*, 974 F.2d at 287. In this regard, the Court agrees with the plaintiffs that "the fiduciary requirements of ERISA specifically insulate the trust from the employer's interest." *N.L.R.B. v. Amax Coal Co., a Div. of Amax, Inc.*, 453 U.S. 322, 333, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981)

---

**12.** *See* Clayton Act § 4, 15 U.S.C. § 15 (antitrust); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (antitrust injury to property includes loss of money, excludes personal injuries); 18 U.S.C. § 1964(c) (RICO); *Steele v. Hospital Corp. of America*, 36 F.3d 69, 70 (9th Cir.1994) ("[I]f the patients have paid none of the allegedly excessive charges out of their own pockets because those charges were covered by insurance, then they have suffered no financial loss," and plaintiff patients have no injury to their business or property).

**13.** *See* 29 U.S.C. §§ 1103 and 1132(d)(1). *See also Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1287 (9th Cir.1990) (employer is not proper defendant in participant's claim for benefits; benefits can be recovered only from the plan as an entity), *cert. denied*, 498 U.S. 1087, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 287 (2nd Cir.1992) (stating that "employer contributions inure to the benefit of the trust generally rather than an individual beneficiary and, as such, are an obligation the enforcement of which 'is the function, at least in the first instance, of the Trustees.'") (citations omitted).

(quoting 29 U.S.C. § 1103(c)(1)), *reh'g denied*, 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed.2d 1036 (1981).[14] Accordingly, the Court does not find the absent employers to be "necessary parties" such to require their joinder in this action.

■ Insurers are likewise not necessary parties to this action. First, the defendants fail to show sufficient evidence that the plaintiffs' or any of the Fund participants have insurance policies that are affected by this case. Second, the defendants fail to persuade the Court that even if such insurance relationships exist, that the carrier or provider would have an interest in the economic losses allegedly sustained by the trust funds. Further, the Court is not persuaded that even if an insurer had an interest in this action, that the claims, if any, would not lie against the Funds as opposed to the defendants. Although insurers may have independent damages claims against the defendants, there is little evidence suggesting that insurers would have interest in the particular economic losses sustained by Plaintiff Funds. Accordingly, the Court likewise does not find insurers to be "necessary parties" such to require their joinder in this action.

As to the defendants arguments regarding the risk of double or multiple obligations, the Court finds that such risk would significantly be obviated by the single satisfaction rule. In this Court's September 10, 1998 Memorandum Opinion, the Court stated the following:

> [T]he single satisfaction rule would allow defendants to seek credit for amounts paid plaintiffs in antitrust and RICO litigation in later personal injury litigation by beneficiaries. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (antitrust); *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 599–601 (2nd Cir.1989) (RICO), *cert. denied*, 493 U.S. 1024, 110 S.Ct. 729, 107 L.Ed.2d 748 (1990); *Morley v. Cohen*, 888 F.2d 1006, 1012–13 (4th Cir.1989) (RICO, citing antitrust and tort cases); Restatement (Second) of Torts § 885(3) (torts).

> The payment by defendants of a judgment or settlement would give defendants a defense of satisfaction in any other suit in which an injured smoker/trust beneficiary might seek to recover any of the costs sought here. Defendants would not have to pay for the same medical cost damages twice.

Opinion at 20–21 (footnotes omitted). This rule would also apply to any potential judgment obtained by either employers or insurers.

After reviewing the defendants' arguments for joining employers or insurers under Rule 19(a)(2), the Court concludes that employers or insurers are not parties with an "interest relating to the subject" of this action. The Court also finds insufficient evidence showing that such employers or insurers are "so situated that the disposition" of this action in their absence will either (i) impair or impede their ability to protect any such interest, or (ii) subject any parties already in the action to "double, multiple, or otherwise inconsistent obligations."

Having decided that the defendants fail to show that individual participants, employers, or insurers sought to be joined have an "interest" relating to the subject of this case that is substantially at risk of being impaired, or that will otherwise cause the present parties to this suit to be exposed to multiple or inconsistent obligations, the Court turns to the defendants' arguments that failing to join these absent persons would result in impermissible claims splitting.

### C. Claim splitting

■ Defendants lastly say the Court should dismiss this cause because the case raises the "specter of splitting claims."

Here, the defendants argue that the Plaintiff Funds "direct action" theory effectively splits "each Participant's claim against Defendants for personal injury" into three parts. These include: (1) claims for that portion of the participants' damages paid by the Fund, (2) claims for those portions of the participants' damages paid by insurers or

---

**14.** *See also Professional Admin. Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 643 (6th Cir.1987), *reh'g en banc denied*, (July 28, 1987) (describing ERISA fund trustees' role in collective bargaining process).

employers, and (3) claims for that portion of the participants' damages not paid by either an insurer, employer, or a Fund. The defendants suggest the Funds should not be allowed to seek damages applicable only to a portion of an individual participant's alleged causes of action. For support, the defendants cite to case law involving "subrogation."[15] The defendants also premise their argument on claims splitting under the theory that it is impermissible for the Funds to sue for damages arising out of the "same alleged injuries" as were suffered by individual participants. The Court does not find these arguments persuasive.

■ Section 24 of the Restatement (Second) of Judgments describes the general rule against claim splitting. It provides:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments, § 24(1) (1982).[16] The main purpose of the rule against claim splitting in § 24 is "to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is thus not applicable where the defendant consents in express words or otherwise, to the splitting of the claim". *Davis v. Sun*

*Oil Co.*, 148 F.3d 606, 612–13 (6th Cir.1998). In this respect, the defense of claim splitting is related to the doctrine of *res judicata* and the notions of issue and claim preclusion. *Id.*[17]

In this case, the defendants argue that failure to join the absent parties will result in impermissible claim splitting. The Court disagrees. First, as discussed, the Plaintiff Funds are not bringing claims for personal injury or subrogation. Rather, they make claim against these defendants to recover independent, economic damage allegedly resulting from the depletion of trust funds assets. Second, the defendants have not provided evidence showing that any of these absent parties will likely file suit against these defendants concerning the subject matter of this case, that being the depletion of funds assets. Third, even if the absent parties do file suit, they will become plaintiffs to a separate action. Claim splitting prevents the same plaintiffs in a suit against a particular defendant from continually bringing claims on different injuries. The doctrine is not intended to prevent any and all other potential plaintiffs from pursuing independent causes of action against a particular defendant. *See generally Davis v. Sun Oil Co.*, 148 F.3d 606, 611–15 (6th Cir.1998); *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382–84, 653 N.E.2d 226 (1995).

Further, the Court disagrees with the defendants' general characterization of the plaintiffs' alleged damages in this case as

---

**15.** *See, e.g., United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171 (1949) (finding that when insurer is partially subrogated to claim by insured arising under Federal Torts Claims Act, the United States may "compel . . . joinder" of either the insured or the insurer); *Ohio Dep't of Human Servs. v. Kozar*, 99 Ohio App.3d 713, 716, 651 N.E.2d 1039 (Ohio App.8th Dist.1995) (finding that because a subrogee is in privity with a subrogor, that neither subrogor nor subrogee can assert a second action once either the subrogor or subrogee has initially filed suit).

**16.** Comment b to § 24 of the Restatement (Second) of Judgments defines the terms "transaction" to mean "common nucleus operative facts." *See Shelar v. Shelar*, 910 F.Supp. 1307, 1314 (N.D.Ohio 1995) (same). Section 25 further says that "the rule of § 24 applies to extinguish a claim by the plaintiff against the defen-

dant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382–83, 653 N.E.2d 226 (1995) (adopting the provisions of § 24 of the Restatement (Second) of Judgments).

**17.** *See also Shelar v. Shelar*, 910 F.Supp. 1307, 1311–14 (N.D.Ohio 1995) (discussing in divorce action the interplay of Ohio's doctrine of res judicata and § 24 of the Restatement of Judgments as adopted by *Grava*); *Liddell v. SCA Servs. of Ohio*, Inc., 70 Ohio St.3d 6, 9–10, 635 N.E.2d 1233 (1994) (personal injury); *Nationwide Mut. Ins. Co. v. Collins*, 23 Ohio Misc.2d 22, 491 N.E.2d 407 (Ohio Mun., 1985) (subrogor/subrogee).

being the equivalent of the sum total of participant damages for personal injury claims paid by the Funds. This characterization is inaccurate. For instance, Fund participants could potentially sue the defendants for damages on smoking-relating injuries not otherwise covered by Fund benefits. Such damages would not be recoverable by the Plaintiff Funds in this suit.

Considering the facts of this case, the defendants here fail to sufficiently establish that the parties sought to be joined have a sufficient interest in the subject of this action to warrant joinder. The defendants give no evidence showing that any individual Fund participant, employer, or insurer has actually asserted such an interest, nor do the defendants show that even if such an interest exists, that their absence in this case would impair or impede the relief sought by Plaintiff Funds.

The injury complained of by the Plaintiff Funds is unique to them. These damages would not be brought by any other party. Further, the plaintiffs here do not base their claims on, or in any way attempt to attach their claims to, potential personal injury claims otherwise available to individual participant smokers, or subrogation claims potentially available to employers or insurers.[18]

Because the Court has determined that neither the participants, employers, or insurers are not "necessary" parties under Rule 19(a), they cannot be "indispensable" parties under Rule 19(b). Therefore, the Court need not consider whether the defendants' are "indispensable" under Rule 19(b).[19]

### IV. Conclusion

For the reasons stated above, the absence of individual Fund participants, employers, or insurers does not effect the potential relief sought by Plaintiff Funds from the defendants. Further, the Court finds that although individual participants, employers, or insurers may have independent claims

against these defendants, disposition of this case in the absence of these participants, employers, or insurers will not impede their interests or subject the defendants here to double, multiple or otherwise inconsistent obligations.

Accordingly, the Court denies the defendants' motion in the alternative to dismiss this cause pursuant to Rule 12(b)(7) and Rule 19 for failure to join necessary or indispensable parties.

IT IS SO ORDERED.

### ORDER

The Court has filed its Memorandum Opinion in the above-captioned case. For the reasons therein, the Court denies defendants' motion to dismiss this cause pursuant to Rule 12(b)(7) for failure to join necessary parties.

IT IS SO ORDERED.

---

18. As discussed, the Plaintiff Funds do not seek relief for or make claim for subrogation. *See* Defendants' Memorandum at 7–8 (citing *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 586 (D.C.Cir.1993); *Babcock v. Maple Leaf. Inc.,* 424 F.Supp. 428, 430 (E.D.Tenn.1976)).

19. *See Gwartz,* 23 F.3d at 1428; *Boulevard Bank,* 15 F.3d at 1422–23; *Keweenaw,* 11 F.3d at 1346–47; *Bank One Texas,* 968 F.2d at 100; *Moore,* 901 F.2d at 1447; *McLaughlin,* 847 F.2d at 621; *Rochester Methodist Hosp.,* 728 F.2d at 1016–17; *DeWit,* 879 F.Supp. at 997.