Richard J. MICHEEL

v.

Daniel B. HARALSON.

Civ. A. No. 82–247.

United States District Court,
E.D. Pennsylvania.

Aug. 9, 1983.

Richard J. Micheel, pro se.

Daniel B. Haralson, pro se.

MEMORANDUM and ORDER

SHAPIRO, District Judge.

This action has been filed by plaintiff, Richard J. Micheel, a Pennsylvania resident. Defendant Daniel B. Haralson, an Alabama resident, has moved to dismiss the complaint or in the alternative to transfer to Alabama pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motions are denied.

On or about October 25, 1979, plaintiff entered into an agreement with defendant and several other persons and corporations [1] to purchase the shares of common stock of an Alabama corporation, Leedy, Inc.[2] Micheel filed this suit against Haral-

---

1. Mason Dillard, Lawrence Deaton, Lamar Moon and Cinco, Inc., by John K. Hudson and C.B.F. Young.

2. It is unclear where the negotiations took place. Plaintiff contends that negotiations occurred over the telephone while he was in Pennsylvania and the defendant was in Alabama. Defendant contends that all negotiations were face-to-face in Alabama or in Washington, D.C. It is also unclear when the contract was executed. Plaintiff contends that a document dated October 25, 1979 represents the agreement of the parties but defendant relies on a document dated October 2, 1979.

son after the sale was consummated on the grounds that (1) certain covenants in the contract were breached by misrepresentations made regarding Leedy's loans and holdings; (2) Haralson's conduct violated federal securities law; and (3) his misrepresentations were fraudulent.

Haralson moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), (2), (3), (5), (6) and (7), or in the alternative to transfer the action to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). After oral argument the court held there is subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, that sufficient minimum contacts exist to confer *in personam* jurisdiction, and that venue exists under 28 U.S.C. § 1391 and 15 U.S.C. § 78aa.

The motion under Rule 12(b)(6), considered as a motion for summary judgment because defendant relied on matters outside the pleadings, was denied without prejudice. The motion under Rule 12(b)(7) and the motion to transfer under § 1404(a) were held under advisement to allow supplemental briefing. Those briefs having been filed and considered, the motions to dismiss under Rule 12(b)(7) or to transfer under 28 U.S.C. § 1404(a) are denied for the reasons that follow.[3]

■ The first consideration is whether the other signatories of the agreement are indispensable parties under Fed.R.Civ.P. 19. Rule 19 provides in part:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Analysis should focus first on whether the parties are indispensable under Rule 19(a), for "Rule 19(b) itself is applicable only if a person who should be joined under the provisions of Rule 19(a) cannot be made a party for some reason." *Field v. Volkswagenwerk AG,* 626 F.2d 293, 300 (3d Cir. 1980).

In *Field,* Ivana, Arthur and Michael Field were involved in a single vehicle motor vehicle accident in Italy. Ivana Field sued Volkswagenwerk AG, a German corporation, for herself and as administratrix

---

**3.** The motion under Fed.R.Civ.P. 12(b)(5) to dismiss for insufficiency of service of process has not been briefed by counsel. It is therefore deemed abandoned under Local Rule 20 and will be denied.

of Arthur Field's estate. Lucille Field sued as guardian of Michael Field. Ivana Field was a Czechoslavakian citizen and her presence in the suit would violate the complete diversity requirement of 28 U.S.C. § 1333(a)(2); she then sought to withdraw in her personal capacity and substitute Lucille Field as administratrix of Arthur Field's estate also. The issue was whether Ivana was an indispensable party under Rule 19.

Ivana Field was the driver of the motor vehicle and it was claimed that her dismissal "would force VWAG to defend the same claim in two different actions." 626 F.2d at 299. The Court held this was not controlling in part because of the difference between compulsory joinder under Rule 19 and permissive joinder under Rule 20. If Ivana's presence were required:

> ... simply because·VWAG might later have to defend against a separate action brought by Ivana in her individual capacity, the same shortcoming would exist in practically every case of permissive joinder, and the distinction between Rules 20 and 19 would be rendered practically meaningless. For in just about every case of permissive joinder under Rule 20 the proper party in question, if not joined, would be able to assert rights against the defendant in a separate action.

626 F.2d at 300–301.

Defendant contends here that unless all signatories to the agreement are joined, defendant will be left "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations" and that the other signatories are therefore in-

dispensable parties under Rule 19(a)(2)(ii). Defendant argues the possibility that this court would find that the October 25 document is the actual agreement and hold him liable thereunder but another court might hold it is the October 2 document that is the agreement and hold him liable to others thereby. This possibility does not constitute a double, multiple, or inconsistent obligation under Rule 19. The *Field* analysis of the difference between compulsory and permissive joinder is controlling. If only the possibility of diverse holdings as to liability mandates joinder under Rule 19, then the difference between Rule 19 and Rule 20 would be non-existent; this possibility of inconsistency does not in itself constitute the "double, multiple or otherwise inconsistent obligations" of Rule 19. "[T]he possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic [does not] trigger the application of Rule 19." 626 F.2d at 301–02. Rule 19(a)(2)(ii) protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other. Defendant does not face that possibility here. The other signatories are not indispensable parties under Rule 19.[4]

Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties agree that this action might have been brought in the North-

---

**4.** Two other aspects of the Rule 19 motion command attention. First, a determination under Rule 19(a)(2) requires as a predicate to indispensability that the person "claims an interest relating to the subject of the action." No argument has been made by defendant that the other parties claim such an interest. The fact that the other signatories claim a financial interest is not sufficient to meet this requirement of Rule 19(a)(2); it must be a legally protected interest, 3A Moore's Federal Practice ¶ 19.07—1[2], as for instance in a special fund that is the subject matter of the litigation. *See, Special Jet Services, Inc. v. Fed. Ins. Co.,* 83 F.R.D. 596 (W.D.Pa.

1979). This provides a separate ground for determination that the other signatories are not indispensable parties under 19(a)(2).

Second, there is the possibility that if this action were transferred to Alabama defendant Haralson would join the other signatories as parties. This has been considered and rejected as possible justification for the § 1404(a) transfer motion. One of the signatories, Dillard, is not in Alabama and could not be joined. Therefore, there would still be a need for multiple lawsuits if liability is to be asserted against all signatories.

ern District of Alabama. The issue is whether the convenience of parties and witnesses and the interest of justice justify transfer.

Motions to transfer are determined by consideration of the same factors relevant to a determination of a *forum non conveniens* motion. *Norwood v. Kirkpatrick,* 349 U.S. 29 [75 S.Ct. 544, 99 L.Ed. 789] (1955). They are:

1. relative ease of access to sources or proof;

2. availability of compulsory process for attenance of unwilling witnesses;

3. cost of attendance at trial by willing witnesses;

4. the possibility of view of the premises, if appropriate;

5. all other practical problems that make trial of a case easy, expeditious, and inexpensive;

6. "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relation of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

*Schmidt v. Leader Dogs for the Blind, Inc.,* 544 F.Supp. 42 at 47 (E.D.Pa.1982).

Counsel in this case have offered a multitude of practical reasons for transfer, including relative ease of access to documentary evidence; availability of material witnesses; cost to witnesses of attending; and public interest factors such as the choice of law to be applied, the use of judicial time to resolve difficult jurisdictional and venue questions, the existence of related cases in

Alabama, and the indispensability under Fed.R.Civ.P. 19 of other signatories to the agreement not subject to suit in Pennsylvania.[5]

■ The plaintiff's initial choice of forum is always entitled to paramount consideration. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Kawecki Berylco Industries, Inc. v. Fansteel, Inc.,* 512 F.Supp. 984, 986 (E.D.Pa.1981), *aff'd mem.,* 676 F.2d 686 (3d Cir.1982). Here plaintiff's choice should be given even greater weight because one count of the complaint is under the Securities Exchange Act. The venue provision of this Act, 15 U.S.C. 78aa, allows a plaintiff the right to bring suit in any district where the defendant is found or is an inhabitant or transacts business with nationwide service of process permitted; transfer might "undermine Congressional efforts to enforce securities laws by minimizing burdens on plaintiffs in civil suits." *Lemberger v. Westinghouse Electric Corp.,* Fed. Sec.L.Rep. (CCH) ¶ 95,762 at 90, 742 (E.D. N.Y.1976). It is with these considerations in mind that we must evaluate the propriety of transfer.

Defendant claims access to documentary evidence will be easier if the action is transferred to Alabama. He bases this claim on the fact that at the time of the transactions out of which the cause of action arose, Leedy, Inc. was in the Northern District of Alabama. However, the executive offices of Leedy, Inc. are now in Pennsylvania, and the original or copies of many of its documents can be found there. These documents are subject to the subpoena power of this court. Since Mr. Micheel is President of Leedy, Inc., the Leedy documents are presumably within Mr. Micheel's "posses-

---

5. Defendant's contention that plaintiff's credibility is in question does not warrant transfer, as either court would be able to determine that credibility. Plaintiff's contention that he would be physically intimidated in Alabama does not enter into our decision to retain the case. Defendant also argues that a comparison of average caseloads in the two districts suggests transfer to the Northern District of Alabama, where the average caseload is 263 cases, as opposed to

this District's average caseload of 333. This is not relevant since this court's present caseload is comparable to the average in Alabama and there is no comparison of the time from filing to disposition in each District. Docket congestion is not given much weight in a § 1404(a) consideration. *Residex Corporation v. Farrow,* 374 F.Supp. 715, 722 (E.D.Pa.1974), *aff'd mem.,* 556 F.2d 568 (3d Cir.1977).

sion, custody or control" so that he could transport them from Pennsylvania to Alabama if necessary. But then he could also transfer them from Alabama to Pennsylvania so there is no reason why the Leedy documents cannot be made available in Pennsylvania. Neither side has stated with any specificity which documents will be required at trial. Each side claims that the crucial documents are in their chosen forum. Consequently, "defendants have not sustained their burden to show that as to the location of the pertinent documents, the balance of convenience weighs in favor of transfer." *Lieb v. American Pac. Int'l. Inc.*, 489 F.Supp. 690, 697 n. 10 (E.D.Pa. 1980).

■ Defendant argues that material witnesses are unwilling to come to Pennsylvania and that no compulsory process would be available to bring them here. But the party seeking the transfer must set out a general statement of what the testimony of the witnesses will cover. *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 160–61 (3d Cir. 1980), *rev'd on other grounds*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Berylco, supra*, 512 F.Supp. at 986. Defendant has failed to do this for witnesses other than Messrs. Dillard and Hudson, who could testify as to which document represents the agreement. Defendant's Reply Memorandum at p. 7. Mr. Dillard's potential testimony does not warrant transfer because he could not be compelled to appear in the Northern District of Alabama either. Defendant's Supplemental Memorandum at p. 2 n. 2. Defendant's argument, then, rests on the unavailability in Pennsylvania of Hudson. His testimony is not unique. There are others who may be willing to testify here; at least their unwillingness to testify has not been established. Nor has it been shown that use of a videotaped deposition would be inadequate. This factor does not overcome plaintiff's choice of forum. *See, Bartolacci v. Corp. of Presiding Bishops*, 476 F.Supp. 381 (E.D.Pa.1979).

Neither does the cost to willing witnesses warrant transfer. Most of defendant's witnesses will have to travel from Alabama to Pennsylvania but most of plaintiff's witnesses would have to travel to Alabama from Pennsylvania if the action were transferred there. The plaintiff's forum should not be disturbed if to do so would merely shift the burden from one party to the other. *Lieb, supra*, 489 F.Supp. at 697.

The fact that the parties contracted for the law of Pennsylvania to govern their relationship is a factor favoring retention of the case in Pennsylvania. *Lieb, supra* at 697. There is a dispute as to which of two documents represents the actual agreement between the parties, *see* n. 2 *supra*, but this is no reason to transfer the action. The October 25 document provides in ¶ 15(a) that Pennsylvania law shall apply; the October 2 document in ¶ 28 provides that it shall be governed exclusively by the laws of Pennsylvania. Regardless of which document is the agreement between the parties, Pennsylvania law will govern and a federal court sitting in Pennsylvania is as suited to apply Pennsylvania law as a federal court in Alabama.

Defendant also argues that transfer would mitigate the need of this court to deal with complex jurisdictional and venue issues. But the court's order of May 25, 1983, resolved most of those issues; the remainder of these issues are now decided. Avoidance of resolution of complex jurisdictional issues may be a reason to transfer under § 1404(a), *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.1964), but "if those questions are amenable to resolution before considering a motion to transfer, they appear appropriately resolved at that time." *Haeberle v. Texas Intern. Airlines*, 497 F.Supp. 1294, 1303 n. 9 (E.D.Pa.1980).[6]

Defendant also contends that the pendency of related cases in Alabama warrants transfer of this action. It is true that § 1404(a) is designed to prevent duplicative litigation of the same issues, *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19,

---

6. The option remains that if evidence presented at trial shows that venue is improper for this court, a transfer may be effectuated under 28 U.S.C. § 1406(a).

26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540, 1545 (1960), but

> When parties move to transfer an action to another district and rely on the pendency of related actions in that other district, complete and accurate information should be furnished as to those related actions.

*Residex Corporation v. Farrow*, 374 F.Supp. 715, 722 (E.D.Pa.1974). Defendant has failed to provide this court with such information.[7] This case could not be consolidated with actions pending in state court. Defendant has not established that a transfer is in the interest of the administration of justice.

■ There is no reason warranting transfer of this action in view of the strong presumption given to plaintiff's choice of forum. No persuasive arguments have been forwarded that the other signatories should be judged to be indispensable parties under Rule 19. The motions to dismiss, or in the alternative to transfer, are therefore denied.

---

7. Defendant's counsel has represented at conference that the pending Alabama actions are in state court. This fact alone makes it impossible to consolidate the actions.