Annie **BELCHER,** Guardian and Best Friend on behalf of two minor children, Holly and Joshua **BELCHER,** Plaintiffs,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,** et al., Defendants.

No. C–2–00–468.

United States District Court, S.D. Ohio, Eastern Division.

March 29, 2001.

Charles S. Howland, Hall, Elkin & Howland, Mount Gilead, OH, for Plaintiffs.

Constance M. Greaney, Porter, Wright, Morris & Arthur, Philip Fred Brown, Brenner, Brown, Golian & McCaffrey, Columbus, OH, for Defendants.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Plaintiff, Annie Belcher, acting as guardian of her two minor children, Holly and Joshua Belcher, filed this action in the Court of Common Pleas of Morrow County, Ohio, seeking payment of the proceeds of a number of life insurance policies. According to the complaint, Thomas J. Belcher, Annie Belcher's former husband and the father of the two children, had taken out life insurance with both the defendants through his employer, J.B. Hunt Transport, Inc. He and Annie Belcher then divorced, and the Morrow County Court of Common Pleas, Domestic Relations Division, issued an order which provided, *inter alia*, that Thomas Belcher was required to maintain his minor children as equal beneficiaries of his life insurance until the younger reached the age of 18. However, Thomas Belcher then remarried and apparently designated his new wife, Sharon Belcher, as the beneficiary of those policies. In her complaint, Annie Belcher sought a declaration that the policy proceeds are payable to her children.

The case was removed to this Court on grounds that all of plaintiffs' claims are preempted by ERISA, 29 U.S.C. §§ 1001

*et seq.* After removal, defendant Prudential Insurance Company filed an answer and an interpleader counterclaim, and defendant Continental Casualty Company first filed only an answer, and later filed an amended answer and interpleader counterclaim as well. Although both interpleader counterclaims state that Sharon Belcher has asserted a claim to the policy proceeds as well, she was not named as an additional defendant to those counterclaims.

After the pleadings were completed, Continental Casualty filed a motion to dismiss for failure to join indispensable parties. After plaintiffs opposed that motion, Prudential filed a similar motion. Plaintiffs then filed a motion for a jury trial, asserting that they have a right to a jury trial under ERISA. Both defendants have opposed that motion. For the following reasons, the motion to dismiss, construed as a motion to require joinder of an additional party, will be granted, and the motion for a jury trial will be denied.

## I.

The facts relating to the motion to dismiss are not disputed, and are set forth above. Essentially, both Thomas Belcher's minor children, acting through their mother, and his second wife, Sharon Belcher, have asserted claims to the proceeds of the insurance policies in question. The question presented by the motion to dismiss is whether Sharon Belcher is a party who should be joined if feasible. The answer to that question begins with an analysis of Fed.R.Civ.P. 19.

Fed.R.Civ.P. 19(a) provides, in pertinent part, that a person who can be joined in an action must be joined if, in the absence of that party, either (1) "complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action" and, if

that person is not joined, existing parties might be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations...." Rule 19(a) also provides that if such a person has not been joined, the Court shall order the person to be made a party. If that cannot be done, the Court may, under Rule 19(b), dismiss the case.

Consistent with this rule, the Court of Appeals has indicated that evaluation of a motion to dismiss for failure to join an indispensable party is a three-step process. First, the Court must determine whether the person is subject to joinder under Rule 19(a). If so, the Court must decide if the party can be joined. Finally, if not, the Court must consider whether dismissal is appropriate. *See, Keweenaw Bay Indian Community v. Michigan,* 11 F.3d 1341, 1345–46 (6th Cir.1993).

An absent claimant to a limited fund, such as the proceeds of an insurance policy, is ordinarily considered to be an indispensable party to litigation. *See, e.g., GMBB, Inc. v. Travelers Indemnity Co.,* 100 F.Supp.2d 465 (E.D.Mich.2000). Obviously, were this Court to make a determination in favor of the plaintiffs and award them the proceeds of whichever insurance policies are deemed to be available, and should Sharon Belcher file a competing action and obtain a declaration from another court that she is the proper beneficiary, the defendants would be subject to inconsistent obligations arising out of both the plaintiffs' and Sharon Belcher's interest in the insurance proceeds. The pleadings affirmatively recite that Sharon Belcher has made a claim to the policy proceeds. Even if she had not, the fact that there is a substantial potential for her to make a claim supports a finding that she is a party who ought to be joined. *See Iron Workers Local Union v. Philip Morris Inc.,* 182 F.R.D. 512 (N.D.Ohio 1998).

■Despite this rather obvious conclusion, plaintiffs argue that there is not a significant risk of inconsistent adjudications. They contend that if the Court finds the Morrow County Court of Common Pleas Domestic Relations order to be valid and awards the insurance proceeds to them, the defendants would be the beneficiaries of a "judicial finding" on the issue and would thereby be protected from any claims by Sharon Belcher. That argument ignores the fact that Sharon Belcher, who is not currently a party to this action, would not be bound by such an adjudication, and that the defendants could not assert it as *res judicata* in any action which Sharon might subsequently file. In fact, there is a significant risk of multiple or inconsistent obligations here, and that makes Sharon Belcher a party who ought to be joined.

The defendants, noting the nationwide service of process provision found in 29 U.S.C. § 1132(e)(2), contend that Sharon Belcher could be joined as a party to this case. Plaintiffs contend that § 1132(e)(2) is inapplicable because, by its language, it applies only to actions brought in a United States District Court, and this action was brought in the Morrow County Court of Common Pleas and thereafter removed. Plaintiffs also argue that because Sharon Belcher is not a "defendant," she cannot be served under § 1132(e)(2).

Neither of these arguments is correct. The Court believes that Sharon Belcher is a proper party to this case, but that her proper status is as a defendant to the interpleader counterclaims which have been filed by both insurance companies. In fact, the Court is somewhat uncertain as to why she was not simply named and joined in that capacity. However, the counterclaims arise under ERISA, they are filed in a United States District Court, and Sharon Belcher is a defendant to those counterclaims. Under the those circumstances, the nationwide service of process provision of ERISA applies, and Sharon Belcher can be joined. Consequently, because she is both a necessary party and one whose joinder is feasible, the Court will grant the defendants' motions. To implement this decision, the defendants will be directed to file amended interpleader counterclaims which name Sharon Belcher as an additional party defendant, and they shall be responsible for effecting service of process on her.

■ Before leaving this issue, the Court notes that plaintiffs have also argued that the Court should review the issue of whether ERISA governs this action. Since plaintiffs have not filed a motion to remand, the question is not directly presented. In addition, the Court notes that the Sixth Circuit has specifically held that even where construction of a court order such as a Qualified Domestic Relations Order (QDRO) is at issue, determination of the proper beneficiary of an ERISA insurance policy is a federal question governed either by ERISA itself or by federal common law. *See Metropolitan Life Insurance Co. v. Pressley*, 82 F.3d 126 (6th Cir.1996); *see also Mattei v. Mattei*, 126 F.3d 794 (6th Cir.1997). Consequently, to the extent that plaintiffs have raised the issue of the Court's jurisdiction, the Court concludes, at least at this stage of the case, that an appropriate jurisdictional showing has been made.

## II.

■ The other issue is raised by plaintiffs' motion for a jury trial. Plaintiffs, citing a single District Court case from the Eastern District of Michigan decided in 1977, *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 745 (E.D.Mich.1977), contend that they are entitled to a jury trial because an action for

benefits under an ERISA plan seeks a legal remedy and is not an equitable action.

As defendants note, the Sixth Circuit has rather resoundingly rejected this interpretation. In *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.1988), the Court held that actions to recover benefits under § 1132 are equitable actions and that a jury trial is not available. The same, of course, is true with respect to the interpleader counterclaims, which have always been treated as equitable actions. *Cf. Metropolitan Life Insurance Co. v. Marsh*, 119 F.3d 415 (6th Cir.1997). Consequently, the issues in this case will be determined by the Court without a jury.

### III.

Based upon the foregoing, the motions of defendants to dismiss for failure to join indispensable parties (file docs. #8 and #11) are granted to the following extent. Both defendants shall file amended counterclaims within 20 days of the date of this order asserting their interpleader claims against Sharon Belcher. Those defendants shall promptly serve the interpleader complaint on Ms. Belcher pursuant to 29 U.S.C. § 1132(e)(2). Plaintiffs' motion for a jury trial (file doc. #12) is denied. The Magistrate Judge shall conduct a preliminary pretrial conference promptly after the new defendant enters an appearance.