David E. SYKES, Plaintiff,

v.

Charles HENGEL, Michael Iiams, David Muris, Lee Schlessman, and Fred Weisner, Defendants.

No. 4:03–CV–40526.

United States District Court,
S.D. Iowa,
Central Division.

April 27, 2004.

Mark D. Sherinian, Sherinian & Walker Law Firm, West Des Moines, IA, for plaintiff.

Wade R. Hauser, III, Ahlers & Cooney PC, Des Moines, IA, for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

GRITZNER, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss Under Fed. R.Civ.P. 12(b)(7) ("Rule 12(b)(7)") for failure to join a necessary and indispensable party under Fed.R.Civ.P. 19 ("Rule 19"). A hearing on the motion was held on February 23, 2004. Plaintiff was represented by Mark Sherinian; Defendants were represented by Wade Hauser.

## I. FACTS

In August 2001, Plaintiff David Sykes signed a five-year written employment contract to act as President and Chief Executive Officer for Vision Improvement Technologies, LLC ("VIT"), an Iowa corporation. Although Sykes' contract provided that before August 31, 2006, he could only be terminated for cause, VIT terminated Sykes on June 30, 2003. Sykes alleges he was terminated for

pointing out conflicts of interest involving the board of managers, including loans from board members, personally beneficial contracts, and conflicting loyalties.

Sykes alleges that after his termination, VIT's Board of Managers, Defendants Charles Hengel, Michael Iiams, David Muris, Lee Schlessman, and Fred Weisner ("the Defendants"), made false statements to other persons and in a memorandum to VIT's unit holders regarding the circumstances of Sykes' termination and accusing Sykes of mismanagement.[1]

## II. PROCEDURAL HISTORY

Sykes filed the present diversity action on September 22, 2003, against the Defendants, alleging defamation, tortious interference with contract, and fraudulent misrepresentation. Sykes is a resident of Iowa. Defendants Iiams, Schlessman, and Weisner are Colorado residents; Defendant Muris is a California resident, and Defendant Hengel is a Minnesota resident. Sykes alleges the amount in controversy is in excess of $75,000.

On October 7, 2003, subsequent to filing this action, Sykes filed a Petition in the Iowa District Court for Jefferson County against VIT, alleging breach of contract, wrongful discharge, and failure to pay wages under Iowa's Wage Payment Collection Act.

On November 20, 2003, Defendants filed this motion to dismiss pursuant to Rule 12(b)(7), alleging Sykes failed to join VIT as a necessary and indispensable party to the action under Rule 19. VIT is an Iowa corporation; if it is joined in this action, diversity of citizenship would be destroyed, and the Court would be forced to dismiss the action.

## III. STANDARD FOR MOTION TO DISMISS

 Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of an action if plaintiff fails to join an indispensable party under Rule 19. Fed.R.Civ.P. 12(b)(7). "The proponent of a motion to dismiss under Fed.

---

1. Sykes alleges the statements accused him of operational and managerial deficiencies, failing to report relevant financial information to the board of managers, keeping the board of managers uninformed about significant problems, failing to have operational or managerial controls in place, and for bringing VIT to the brink of insolvency due to mismanagement.

R.Civ.P. 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *De Wit v. Firstar Corp.*, 879 F.Supp. 947, 992 (N.D.Iowa 1995). This burden "can be satisfied by providing 'affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence.'" *Id.* (quoting *Citizen Band Potawatomi Indian Tribe of Ok. v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994) (quoting *Martin v. Local 147, Int'l Bro. of Painters*, 775 F.Supp. 235, 236–37 (N.D.Ill.1991) (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Pro., § 1359, at 427 (1990)))).

■ "The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). The Court must first determine whether the presence of a party "is essential to the litigants' complete relief" or if a party "must be present to protect its own or another party's interests." *De Wit*, 879 F.Supp. at 991. "If the court finds that the requirements of Rule 19(a) are satisfied, it may dismiss the action if, in weighing four additional factors specified in Rule 19(b), those factors so indicate." *Id.* Therefore, the Court must first determine whether VIT's absence prevents those already parties to this action from obtaining complete relief.

## IV. DISCUSSION

### A. Rule 19(a)

Rule 19(a) states in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

A party is a necessary party under 19(a), if it meets either the criteria under 19(a)(1) or 19(a)(2). *Rivera Rojas v. Loewen Group Int'l, Inc.*, 178 F.R.D. 356, 361 (D.P.R.1998). The criteria under 19(a)(1) focuses on whether relief can be afforded the existing parties in the absence of the party in question, whereas, 19(a)(2) focuses on the effects the litigation would have on the absent party. *Id.*

### 1. Complete Relief in VIT's Absence

■ Defendants argue the challenged conduct occurred while they were acting in their capacity as VIT's Board of Managers and therefore VIT's agents. As such, under the terms of VIT's Operating Agreement,[2] VIT and its unit holders will bear ultimate responsibility for any judgment in this action. Defendants reason that since VIT can only operate through its agents, *Gabelmann v. NFO, Inc.*, 571 N.W.2d 476, 481 (Iowa 1997), and VIT will be required to indemnify the Defendants for losses or damages, VIT is the real party in interest to this action.

Sykes resists the Defendants' motion, arguing that being a potential indemnitor does not make VIT a necessary party. *Gardiner v. Virgin Islands Water & Power Auth.*, 145 F.3d 635, 641 (3d Cir.1998) ("In general, however, 'a defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispens-

---

**2.** The applicable section of VIT's Operating Agreement states in pertinent part:

*Indemnification of the Managers, their Affiliates and Control Persons* Neither Manager, nor the Board of Managers ... shall be liable ... for any act or omission based upon errors of judgment or other fault in connection with the business or affairs of the ... Company ... except such indemnification shall not be available for any such liability for losses, claims, damages, liabilities or expenses that ... resulted from the willful misconduct of ... the Board of Managers ...

able pursuant to Rule 19.' ") (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir.1993) (quoting *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse*, 844 F.2d 1050, 1054 (3d Cir.1988))).

VIT's obligation to indemnify the Defendants is not a foregone conclusion. In this action, the Defendants have been accused of committing intentional torts. If they are found liable for willful misconduct, the terms of the Operating Agreement release VIT from an obligation to indemnify the Defendants.[3] Even if the Defendants' conduct is not found to be willful and VIT is required to indemnify the Defendants, that duty does not make VIT an indispensable party to this action. *See Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016–17 (8th Cir.1984) (reasoning that the duty to indemnify or exonerate the defendant did not meet the criteria of a necessary party under Rule 19(a)(1) or (2)). If Defendants are liable to Sykes, VIT may or may not be required to indemnify them; however, that issue is not before this Court, nor would it be if VIT were joined as a party in the present action. *Id.* Defendants' argument that VIT has a duty to indemnify does not persuade the Court that complete relief cannot be afforded in VIT's absence.

## 2. Impairment of VIT's Claimed Interest in the Action

▪ Defendants assert that VIT has an interest related to the subject of this action because Sykes was VIT's employee, and the employment contract is at the heart of his complaint. Defendants argue that if VIT is not afforded the right to appear in this action, its ability to defend that interest will be impaired.

▪ Although VIT may claim an interest in the action, Rule 19(a)(2) requires more than a claimed interest. It also requires that in the party's absence, the ability to protect that interest must impaired or impeded, or the party's absence must leave those already made parties to the action subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In determining whether an absent party is adequately represented by an existing party, we consider whether 'the interests of a present party to the suit are such that it will undoubtedly make all' of the absent party's arguments; whether the party is 'capable of and willing to make such arguments'; and whether the absent party would 'offer any necessary element to the proceedings' that the present parties would neglect.

*Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir.1999) (quoting *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir.1992)).

VIT's only claimed interest in the present action is its duty to indemnify the Defendants. VIT has not stated which arguments or interests could not be raised by the existing Defendants. VIT cannot do so, because VIT's interests are almost entirely the same as the interests of the existing Defendants. The Defendants are already adequately represented, nullifying the risk of prejudice. *Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429–30 (8th Cir.1994) (citing *Rochester Methodist Hosp.*, 728 F.2d at 1016). To the extent the interests of the Defendants and VIT vary on the question of indemnity, VIT's ability to resolve that dis-

---

3. Following the hearing, Defendants submitted an indemnification resolution VIT drafted for purposes of the present litigation. Defendants argue that this resolution proves VIT's obligation to the Defendants in the present case. Aside from the fact that the resolution provides for an advance to cover litigation costs secured by a promissory note, the resolution merely reiterates the terms of the Operating Agreement. More importantly, just as the Operating Agreement limits VIT's obligations in the event Defendants' acts were outside the scope of their agency, so does the "resolution", stating in pertinent part:

[T]he Agreement also provides that [VIT] may advance any Indemnitee any expenses ... incurred as a result of any demand, action, suit, or proceeding referred to in paragraph 6.07(b) of the Agreement provided that (1) the legal action relates to the performance of duties or services by the Indemnitee on behalf of [VIT] and (2) the Indemnitee gives a full recourse promissory note to [VIT] for the amounts of such advances payable *in the event that the Indemnitee is determined to not be entitled to indemnification under the Agreement.*

pute will not be impaired by the resolution of this action.

■ Defendants assert that unless VIT is joined, there is a possibility that the relief granted in this proceeding will be inconsistent with the relief granted in the state court proceeding. However, Rule 19 does not protect parties from inconsistent *relief*. Rule 19(a)(2)(ii) states in pertinent part:

> A person who ... will not deprive the court of jurisdiction ... shall be joined as a party in the action if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... leave any of the persons already parties subject to a substantial risk of incurring ... *inconsistent obligations* by reason of the claimed interest.

Fed.R.Civ.P. 19(a)(2)(ii) (emphasis added).

■ An inconsistent *obligation* is not the same as inconsistent relief; Rule 19 protects against the former, not the latter.

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 3 (1st Cir.1998) (citations omitted) (citing *Micheel v. Haralson,* 586 F.Supp. 169, 171 (E.D.Pa.1983); 4 James Wm. Moore et al., Moore's Fed. Prac. ¶ 19.03 (3d ed.1997)).

The risk of inconsistent obligations is nonexistent in this case. In the present federal court action, the Defendants are charged with intentional torts: defamation, tortious interference with contract, and fraudulent misrepresentation. In the state court action, the claims against VIT are breach of contract, wrongful discharge, and failure to pay wages under Iowa's Wage Payment Collection Act. Therefore, the outcome of tort action will have "different consequences and different measures of damages" than will the state court breach of contract action. *Id.* Dismissal of this action is not mandated sim-

ply because there is a possibility that VIT may be found liable in the state court action while the Defendants may not be found liable in the present action, or vice versa. Such differing outcomes would not be considered "inconsistent obligations" for purposes of Rule 19(a). *See id.*

VIT does not meet the threshold requirements under Rule 19(a). First, complete relief can be granted in VIT's absence. Second, in its absence, VIT's claimed interest as a potential indemnitor is not impaired or impeded. Third, VIT's absence in the present case does not create a risk of inconsistent obligations. Because these threshold requirements have not been met, inquiry into Rule 19(b) is not required. *See Temple v. Synthes Corp. Ltd.,* 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) ("[N]o inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied."); *Rochester Methodist Hosp.,* 728 F.2d at 1016 ("Under [Rule 19], the first inquiry is whether the party not joined meets the criteria of parts (1) or (2) of subsection (a). If it does not, the inquiry is at an end, and the motion to dismiss for failure to join the party in question must be denied.").

## CONCLUSION

In a motion to dismiss pursuant to Rule 12(b)(7), the threshold determination is whether the Plaintiff allegedly failed to join a necessary party under Rule 19(a). The proponent of the motion has the burden of producing evidence showing the nature of the absent party's interest and how that party's interest will be impaired in its absence. *De Wit,* 879 F.Supp. at 992. Defendants have not met that burden. VIT's only interest in the present litigation is that of an indemnitor, and as such, it is not a necessary party under Rule 19. For the foregoing reasons, Defendants' Motion to Dismiss must be **denied**.

**IT IS SO ORDERED.**