Thomas **BOHANNA**, Plaintiff,

v.

**HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, et al., Defendants.**

**No. 11–899–CV–W–DW.**

United States District Court, W.D. Missouri, Western Division.

March 16, 2012.

Matthew B. Heath, Law Offices of Stephen Bough, Stephen R. Bough, The Law Offices of Stephen R. Bough, Kansas City, MO, for Plaintiff.

Richard J. Pautler, Thompson Coburn, St. Louis, MO, Karrie J. Clinkinbeard, Patrick J. Kenny, Armstrong Teasdale LLP, Kansas City, MO, for Defendants.

### ORDER

DEAN WHIPPLE, District Judge.

Before the Court is Defendant Stonebridge Life Insurance Company and Plaintiff's Stipulated Motion to Remand (Doc. 15), Joint Stipulation to Remand Between Plaintiff Thomas Bohanna and Defendant Sears Life Insurance Company (Doc. 17), Plaintiff's Motion to Remand (Doc. 19), Defendant Hartford Life and Accident Insurance Company's Motion for Leave to File Sur–Reply in Opposition to Plaintiff's Motion to Remand (Doc. 37), Motion to Dismiss by Defendant Hartford Life and Accident Insurance Company (Doc. 22), Motion to Dismiss and/or Stay by Sears Life Insurance Company (Doc. 28), Plaintiff's Motion for Leave to Amend (Doc. 31), Plaintiff's Motion to Remand for Lack of Notice (Doc. 44), Plaintiff's Amended Motion to Remand for Lack of Notice (Doc. 45), Plaintiff's Motion to Strike Acknowledgment of Filing of Notice of Removal (Doc. 47) and Defendant Hartford Life and Accident Insurance Company's Motion for Leave to File Sur–Reply in Opposition to Plaintiff's Second Motion to Remand (Doc. 52).

### I. BACKGROUND

On July 28, 2011, Plaintiff Thomas Bohanna filed his petition in the Circuit Court of Jackson County, Missouri. His petition contains three counts for breach of contract: one count against Stonebridge Life Insurance Company ("Stonebridge"), one count against Sears Life Insurance Company ("Sears") and one count against Hartford Life and Accident Insurance Company ("Hartford"). Plaintiff alleges that these three insurance companies issued accidental death life insurance policies to his mother, Ida A. Bohanna. On or about March 27, 2010, Ms. Bohanna passed away. Prior to her passing, Hartford issued three life insurance policies to Ms. Bohanna, Sears issued one life insurance policy to Ms. Bohanna and Stonebridge issued one life insurance policy to Ms. Bohanna. The amounts of coverage totaled: $103,000 under the Hartford policies; $50,000 under the Sears policy; and $30,000 under the Stonebridge policy.

Plaintiff alleges that Ms. Bohanna paid all premiums due during her lifetime and that the defendants have an obligation to pay the full amount of benefits to Plaintiff as the beneficiary under the policies. Plaintiff states that the defendants have refused to pay under the policies, thereby failing to meet their contractual obligations. Defendants maintain that they are not obligated to pay under the policies because Ms. Bohanna's death was not a covered loss under the policies.

On September 8, 2011, Defendant Hartford removed the action to this Court on the basis of diversity jurisdiction. Hartford states that there is complete diversity between the parties and Plaintiff seeks more than $75,000 exclusive of costs and interests. Both Sears and Stonebridge

filed consents to removal.[1] Although Sears and Stonebridge filed consents to removal, within two weeks Plaintiff and Stonebridge filed a stipulated motion to remand, as did Plaintiff and Sears. In these stipulated motions, the parties state that remand is appropriate because neither the claim against Stonebridge nor Sears exceeds the jurisdictional minimum of $75,000.

Plaintiff then filed a motion to remand the entire action based on lack of subject matter jurisdiction. Plaintiff states that because only the claim against Hartford meets the amount in controversy requirement, the entire case should be remanded because partial remand is inappropriate and splitting the case could result in inconsistent rulings. Hartford opposed the motion. Subsequently, Hartford filed a motion to dismiss for failure to state a claim and Sears filed a motion to dismiss and/or stay on the basis that Plaintiff failed to state a claim and failed to join a necessary party. Plaintiff then filed a motion to amend his complaint, stating that the amended complaint remedies the supposed deficiencies referenced by Sears and Hartford in their motions to dismiss.

Thereafter, Plaintiff filed another motion to remand, this time claiming that remand is appropriate because Hartford failed to give notice of removal to the state court. Four days later Plaintiff filed an amended motion to remand in order to reiterate the basis for and elaborate on its most recently-filed motion to remand. That same day, Hartford filed a notice of the state court's acknowledgment of removal. Plaintiff filed a motion to strike the notice. All motions have been fully briefed and are now ready for ruling.

## II. REMAND

Plaintiff argues that remand of this entire action is appropriate on two separate bases, however the Court finds that remand is not appropriate under either basis. First, Plaintiff argues that only the claim against Hartford meets the amount in controversy requirement; therefore, the entire case should be remanded because partial remand is inappropriate and splitting the case could result in inconsistent rulings. The Court agrees with Plaintiff that partial remand is inappropriate, however, the Court finds that it does not have the discretion to remand this entire action.

Defendant Hartford properly removed this action pursuant to 28 U.S.C. § 1332 and § 1441. Section 1332 provides that districts courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the parties are citizens of different states. Section 1441 allows for the removal of any civil action of which the district court has original jurisdiction. The amount in controversy in this action exceeds $75,000 and the parties are each citizens of different states. Therefore, this Court has subject matter jurisdiction over the action and Hartford properly removed it.

Plaintiff argues that the claims against Stonebridge and Sears must be remanded to state court because each individual claim is for the less than the jurisdictional minimum.[2] Further, Plaintiff argues that the claim against Hartford should also be

---

1. In Stonebridge's consent to removal, it acknowledges that the claim Plaintiff asserts against it does not exceed $75,000; however it does not object and thereby consents to removal.

2. In their stipulated motions to remand, Plaintiff and Stonebridge "agree that the claims against defendant Stonebridge should be remanded to state court" and Plaintiff and Sears agree that the "Court may remand to state court the claims against Sears." The parties' agreements regarding remand are not binding on this Court.

remanded because "[h]aving two separate forums for [this] case when the factual background is the same for all three claims leads to judicial inefficiency and exposes the parties to the possibility of inconsistent results."[3]

■ Remand of the action is inappropriate where, as here, the action has been properly removed to this Court based on diversity. *See RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F.Supp.2d 1204, 1213 (S.D.Iowa 2003); *see also Buchner v. FDIC*, 981 F.2d 816, 817 (5th Cir.1993) (noting that a court does not have discretionary authority to remand a case over which it has subject matter jurisdiction). Furthermore, and as noted by Plaintiff, piecemeal remand of certain claims is inappropriate when removal jurisdiction is based on diversity. *See RK Dixon Co.*, 284 F.Supp.2d at 1212–13 ("[A] federal court cannot resort to partial remand of an action that is properly before the court on diversity jurisdiction."); *Bristol–Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F.Supp.2d 734, 743–44 (E.D.Tex.1999). Therefore, because the suit was properly removed under the Court's diversity jurisdiction, the Court finds it must deny Plaintiff's motion to remand on this basis.

■ Plaintiff's second argument for remand is based on Hartford's delayed notice of removal to the state court. The timeliness of filing a notice of removal is governed by 28 U.S.C. § 1446, which provides that a defendant must file a notice of removal with the district court within 30 days after the defendant's receipt of the initial complaint. *See* § 1446(a), (b)(1). Section 1446(d) provides that promptly after filing the notice of removal with the

district court, the defendant must file a copy of the notice with the state court. Filing the a copy of the notice with the state court effects the removal. § 1446(d).

Here, Defendant Hartford received a copy of the summons and petition on August 16, 2011 and filed its notice of removal in this Court on September 8, 2011. Accordingly, Hartford complied with § 1446(a) and (b)(1). However, Defendant Hartford did not file a copy of the notice of removal with the state court until November 14, 2011.[4] Plaintiff argues that, based on the holding of *Anthony v. Runyon*, 76 F.3d 210 (8th Cir.1996), Hartford's removal was invalid because it did not fulfill all requirements necessary to effect removal.

In *Anthony*, the U.S. Court of Appeals for the Eighth Circuit addressed the issue of whether a district court should consider an amended petition that was filed in state court after the defendant had already filed a notice of removal in federal district court. 76 F.3d at 213. The *Anthony* plaintiffs filed their amended petition in state court after the defendant filed a notice of removal in federal court but before the defendant filed a copy of the notice with the state court. *Id.* The court of appeals held that the district court should have considered the amended petition, stating "removal is effected when the notice of removal is filed with the state court." *Id.* at 214. Plaintiff argues that because removal was not effected until more than 30 days after Hartford was served, the removal was not properly effected. However, § 1446 does not state that removal must be effected within 30 days; it states that the defendant must file a notice of removal with the district court

---

**3.** Plaintiff also notes that while the claims against the defendants are based on separate contracts, a similar issue must be decided in all three claims: whether an accident caused Ms. Bohanna's death. Plaintiff states that he

will present the same evidence and experts to prove his case against all three defendants.

**4.** Hartford states that its failure to file the notice sooner was due to clerical inadvertence.

within 30 days. Accordingly, the Court finds that the holding of *Anthony* does not render the removal invalid due to Defendant's failure to file notice with the state court within 30 days.

The only statutory time limit regarding filing notice with the state court is that it must be done promptly after the filing of the notice with the district court. § 1446(d); *see also Macklin v. Flexi USA, Inc.*, No. 07–746, 2007 WL 2360130, at *1 (E.D.Mo. Aug. 14, 2007). Plaintiff also argues that Hartford's notice to the state court was not sufficiently prompt. As previously stated, Hartford filed its notice of removal in this Court on September 8, 2011 and filed a copy of the notice of the removal with the state court on November 14, 2011. By the Court's estimation, 67 calendar days elapsed between the filing of the notices.[5]

The Court finds that Hartford's delay in filing a copy of the notice of removal with state court does not warrant remand in this case. Other courts have decided not to remand where a similar day resulted. *See, e.g., Delgado v. Bank of Am. Corp.*, No. 09–1638, 2009 WL 4163525, at *8–9 (E.D.Cal. Nov. 23, 2009) (the defendants filed a copy of their notice of removal with state court 56 days after they filed the notice in federal court). Further, no significant action was taken in state court during the 67–day time period such that either party has been adversely affected by the delay. *See Ynoa v. Kutner*, No. 10–5398, 2011 WL 1796320, at *2–3 (S.D.N.Y. May 5, 2011) (denying remand and noting that the court was not aware of any action taken by the state court during the delay and plaintiff did not claim that she suffered any prejudice due to the delay).

Plaintiff states that a case management conference was scheduled for November 14, 2011, however he does not state that any action was taken by the state court on that date. In fact, a review of the docket entries in the state court case reveals that the case management conference was continued to a later date. The conference never occurred because, by the later date, Hartford had filed its notice of removal with the state court. Therefore, under the circumstances of this case, the Court finds that Hartford's filing of the notice with the state court satisfied the statutory requirement.

Based on the foregoing reasons, the Court finds that it has jurisdiction over this action and remand is not appropriate.

## III. DISMISSAL, LEAVE TO AMEND AND JOINDER OF A NECESSARY PARTY

■ Defendant Hartford has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The basis for Hartford's motion is as follows. Plaintiff alleges in his petition that the insurance policies issued by Hartford insured the life of Ms. Bohanna and provided accidental death benefits. Plaintiff also alleges in his petition that Hartford has refused to pay insurance benefits and therefore has failed to meet its contractual obligations. Hartford maintains that Plaintiff failed to state a claim because he did not allege that Ms. Bohanna's death resulted from an accidental death or injury. Defendant Sears makes the same argument in its motion to dismiss.[6] In response to the motions to dismiss, Plaintiff filed a motion for leave to file an amended

---

5. Plaintiff repeatedly asserts that 96 days elapsed between the two filings. The Court is unsure how Plaintiff arrived at that number.

6. As discussed below, Sears makes an additional argument in its motion to dismiss and/or stay regarding Plaintiff's failure to join a necessary party.

complaint. The Court finds that the defendants' arguments regarding dismissal are rendered moot by Plaintiff's motion for leave to amend.

██ In Plaintiff's proposed amended complaint, attached to his motion for leave to amend, Plaintiff specifically alleges that Ms. Bohanna passed away as a direct result of a fall, and that her passing triggered the defendants' obligations to pay benefits under the applicable policies. Leave to amend shall be freely granted when justice so requires. Fed.R.Civ.P. 15(a)(2). "Unless there is a good reason for denial, 'such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir.2004) (internal citations omitted). A motion for leave to amend should be denied on the basis of futility where the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir.2010).

Hartford has opposed Plaintiff's motion to amend on the basis that the amendment is futile. The sole basis for Hartford's opposition to amend is that the proposed amended complaint does not include a necessary party. Sears also raised this argument in its motion to dismiss and/or stay. Although the Court agrees that joinder of an additional party is required, *see infra,* the Court finds that this is not a basis to deny Plaintiff's motion for leave to amend on the basis of futility. Accordingly, Plaintiff is granted leave to amend and the 12(b)(6) motions to dismiss are denied.

██ Finally, both Hartford and Sears argue that James Bohanna, Plaintiff's brother, is a necessary party to this action under Federal Rule of Civil Procedure 19.

A necessary party is one whose presence in the lawsuit is required because that party's absence would impair the Court's ability to accord complete relief between a plaintiff and a defendant, or the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

*U.S. Bank Natl' Ass'n ND v. Elender Escrow, Inc.,* No. 11–123, 2011 WL 5857029, at *5 (E.D.Ark. Nov. 21, 2011) (quoting Fed.R.Civ.P. 19(a)). Hartford and Sears argue that the Court cannot accord complete relief between the parties if James is absent[7] and James' absence leaves Hartford and Sears subject to a substantial risk of incurring double or otherwise inconsistent obligations.[8]

The Hartford insurance policies and the Sears insurance policy provide that if the insured—Ms. Bohanna—does not inform the insurance companies otherwise, a standard beneficiary designation applies. According to the policies, the standard beneficiary designation requires that the insurance companies pay the benefits to the living spouse, and if none, then in equal shares to the living children. Plaintiff has filed with Sears an Affidavit of Surviving Children, which lists Plaintiff and James Bohanna as Ms. Bohanna's surviving children. Plaintiff has not contested that the standard beneficiary designation applies to the Hartford and Sears policies, Ms. Bohanna does not have a

---

7. *See* Fed.R.Civ.P. 19(a)(1)(A).

8. *See* Fed.R.Civ.P. 19(a)(1)(B)(ii).

living spouse and James is a surviving child of Ms. Bohanna.

The Court finds that James is a necessary party because, without him, Hartford and Sears are subject to a substantial risk of incurring inconsistent obligations. An inconsistent obligation occurs "when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Sykes v. Hengel*, 220 F.R.D. 593, 598 (S.D.Iowa 2004) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998)); *see also Green v. Nationscredit Fin. Servs., Corp.*, No.03–639, 2005 WL 1005992, at *4 (W.D.Mo. Mar. 31, 2005).

If James is not joined in this action, he may bring a lawsuit in a different court in an attempt to receive the insurance benefits under the same policies at issue here. That court would have to make the same inquiry as this Court will: whether Ms. Bohanna's death is covered by the applicable insurance policies. If that court were to find differently than this Court, the defendants would incur inconsistent obligations under the same insurance policies regarding the same incident. One court may order the defendants to pay benefits under their policies, while the other court may order them not to. Therefore, the Court finds that James' absence exposes the defendants to a substantial risk of incurring inconsistent obligations and he is a necessary party under Rule 19(a)(1)(B)(ii). *See Belcher ex rel. Belcher v. Prudential Ins. Co. of Am.*, 158 F.Supp.2d 777, 779–80 (S.D.Ohio 2001) (noting that "[a]n absent claimant to a limited fund, such as the proceeds of an insurance policy, is ordinarily considered to be an indispensable party to litigation"); *cf. Mueller v. RadioShack Corp.*, No. 11–653, 2011 WL 6826421, at *4 (D.Minn. Dec. 28, 2011) (finding that the defendant was not at a substantial risk for incurring inconsistent obligations because "[u]nder no

circumstances will [the defendant] be ordered by one court to do something, and then be ordered by another court *not* to do the same thing").

Sears has requested that the Court either dismiss this action due to James' absence or stay the proceedings until James is joined. The Court finds that dismissal at this juncture is not appropriate. Rule 19(a) provides that a necessary party who is subject to service of process and whose joinder will not deprive the Court of subject matter jurisdiction must be joined. If that party cannot be joined, the Court should consider the factors set forth in Rule 19(b) to determine whether the action should continue without that party or be dismissed. *Estate of McFarlin v. City of Storm Lake*, 277 F.R.D. 384, 389–90 (N.D.Iowa 2011). Neither party has indicated that James is not subject to service of process or that his joinder would deprive the Court of subject matter jurisdiction. Accordingly, dismissal is not appropriate. Instead, the Court finds that this matter should be stayed pending joinder of James Bohanna. The current Scheduling and Trial Order (Doc. 21) is vacated. The Court ORDERS that James Bohanna be joined within thirty (30) days. Within twenty-one (21) days from his joinder, the parties shall file a new joint proposed scheduling order.

## IV. CONCLUSION

Based on the foregoing reasons, it is hereby ORDERED that:

(1) Defendant Stonebridge Life Insurance Company and Plaintiff's Stipulated Motion to Remand (Doc. 15) is DENIED;

(2) Joint Stipulation to Remand Between Plaintiff Thomas Bohanna and Defendant Sears Life Insurance Company (Doc. 17) is DENIED;

(3) Plaintiff's Motion to Remand (Doc. 19) is DENIED;

(4) Defendant Hartford Life and Accident Insurance Company's Motion for Leave to File Sur–Reply in Opposition to Plaintiff's Motion to Remand (Doc. 37) is GRANTED;

(5) Motion to Dismiss by Defendant Hartford Life and Accident Insurance Company (Doc. 22) is DENIED;

(6) Motion to Dismiss and/or Stay by Sears Life Insurance Company (Doc. 28) is GRANTED IN PART and DENIED IN PART;

(7) Plaintiff's Motion for Leave to Amend (Doc. 31) is GRANTED and Plaintiff shall file his amended complaint;

(8) Plaintiff's Motion to Remand for Lack of Notice (Doc. 44) is DENIED;

(9) Plaintiff's Amended Motion to Remand for Lack of Notice (Doc. 45) is DENIED;

(10) Plaintiff's Motion to Strike Acknowledgment of Filing of Notice of Removal (Doc. 47) is DENIED;

(11) Defendant Hartford Life and Accident Insurance Company's Motion for Leave to File Sur–Reply in Opposition to Plaintiff's Second Motion to Remand (Doc. 52) is GRANTED;

(12) The current Scheduling and Trial Order (Doc. 21) is VACATED;

(13) This action is STAYED pending the joinder of James Bohanna;

(14) James Bohanna shall be joined within thirty (30) days; and

(15) Within twenty-one (21) days from James Bohanna's joinder, the parties shall file a new joint proposed scheduling order.

SO ORDERED.